IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE v. RICKY GROVER AARON

**Appeal from the Criminal Court for Davidson County**
**No. 99-D-2360      Walter Kurtz, Judge**

---

**No. M2002-02288-CCA-R3-CD - Filed December 13, 2004**

---

DAVID G. HAYES, Judge, dissenting, with regard to sentencing modification.

The majority concludes that modification of the appellant's eleven-year sentence is required in light of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004). I must respectfully dissent.

Any sentencing challenge available to the appellant under *Blakely* is now waived because the appellant did not object at trial to what he now contends is a constitutionally invalid sentencing scheme. Tenn. R. App. P. 36(a). In *Blakely*, the Supreme Court clarified and extended the rule previously expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), with regard to the term "statutory maximum." Clearly, the appellant could have raised this issue under *Apprendi* at the trial level as did the defendant Blakely; however, this was not done. The majority opines that the supreme court's holding in *Graham v. State*, 90 S.W.3d 687, 692 (Tenn. 2002), *no perm. to app. filed*, excuses the appellant's failure to raise this issue at the trial level. I disagree. Trial counsel may not forgo an objection to a trial defect simply because he thought the objection would be futile. *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35 (1982) (citations omitted). Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time. *Id*. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. *Id*. at 130, 102 S. Ct. at 1573. Certainly the practice of presenting previously rejected claims is clearly implanted in capital case litigation in this state. I see no valid reason to carve out an *Apprendi/Blakely* exception to this established practice. In *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact used to enhance the defendant's sentence was forfeited because it was not raised at trial. Moreover, the Supreme Court has held

> (1) the *Apprendi* rule is *not* a substantive rule that alters the range of conduct or the
> class of persons that the law punishes; rather, it is a procedural rule that affects only
> the manner of determining the defendant's culpability, and (2) the *Apprendi* rule is

*not* a "watershed rule of criminal procedure" that implicates the fundamental fairness and accuracy of criminal proceedings.

*People v. George Carl Sample*, 122 Cal. App. 4ᵗʰ 206, 220, 18 Cal. Rptr. 3d 611, 620 (Cal. Ct. App. 2004) (quoting *Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 2520-21 (2004)). Review and modification of the appellant's sentence for the first time on appeal not only has the effect of removing the trial court as the primary sentencing court, it also denies the State the opportunity to be heard in the sentencing decision. Accordingly, I find the *Blakely* issue waived.

Because the issue is waived, it is reviewable only under the discretionary authority of plain error. Tenn. R. Crim. P. 52(b). Rule 52(b) provides, "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." This court is permitted to correct an error not raised before the trial court only when (1) the lower record is clear, (2) a clear rule of law has been breached, (3) a substantial right has been affected, (4) the waiver was non-tactical, and (5) consideration of the error is necessary to do substantial justice. *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (adopting the test articulated by this court in *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). The asserted "'plain error' must [have been] of such a great magnitude that it probably changed the outcome of the trial." *Adkisson*, 899 S.W.2d at 642.

Applying *Blakely*, the majority concludes that two statutory sentencing enhancers are inapplicable: (1) "[t]he offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement," and (2) "[t]he defendant abused a position of public or private trust. . ." *See* Tenn. Code Ann. § 40-35-114(8), (16) (2003). First, assuming that the error is plain, my review and that of my colleagues in the majority opinion concluded that the sentencing proof supported application of factors (8) and (16). Again, I find the proof at trial supported these factors and would have permitted a rational trier of fact to have found that the appellant abused a position of trust and that the offense was committed to gratify the appellant's desire for pleasure or excitement. In view of these circumstances, the appellant has failed to establish that consideration of the error is "necessary to do substantial justice" or that the alleged error changed the outcome of the sentencing decision. *See United States v. Stephen Savarese*, 2004 U.S. App. LEXIS 19824, No. 04-1009 (1ˢᵗ D. Sept. 22, 2004).

The reasoning of the United States Supreme Court in *Cotton* is similar to, but not identical with, harmless error analysis. The court previously had explained that invariably to refuse to consider errors when no objection was made would be out of harmony with rules of fundamental justice. Accordingly, if the defendant points to plain error that affected substantial rights, then an appellate court has discretion to correct the error. Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the "affecting substantial rights" prong of Rule 52(b). But such a showing is not itself sufficient. An appellate court

should not correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

It was this latter test the Supreme Court applied in *Cotton*, concluding that when the defendants did not object in the district court to the sentencing proceeding and did not attempt to dispute or controvert the evidence in support of a sentencing factor that justified the sentence imposed, and the evidence of the factor was overwhelming, then forfeiture applies and reversal on appeal is wholly unwarranted.

*Sample*, 122 Cal. App. at 219, 18 Cal. Rptr. at 619-20 (internal citations omitted).

I conclude that application of enhancement factors (2), (8), and (16) is sufficient to permit a sentence enhancement of three years beyond the presumptive minimum. For these reasons, I would affirm the appellant's sentence of eleven years.

_____
David G. Hayes, Judge