IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2009

## OLIVER J. HIGGINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardin County**
**No. 6755    C. Creed McGinley, Judge**

---

**No. W2008-02693-CCA-R3-PC   -   Filed November 20, 2009**

---

A Hardin County jury convicted Petitioner of several drug-related crimes.  Petitioner unsuccessfully appealed these convictions.  *State v. Oliver Higgins, Jr.*, No. 5, 1991 WL 153021, (Tenn. Crim. App., at Jackson, Aug. 14, 1991), *perm. app. denied*, (Tenn. Dec. 30, 1991).   These convictions were later used to enhance his sentence in the Federal courts.  Petitioner filed a petition for post-conviction relief to attack these convictions.  The post-conviction court treated the petition as a motion to reopen a prior petition for post-conviction relief and dismissed the petition.  On appeal, Petitioner argues that the post-conviction court erred in dismissing his petition.  We conclude that the appeal is not properly before this Court because Petitioner is required by statute to file an application for permission to appeal as opposed to a notice of appeal as filed.  Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Oliver J. Higgins, Pro Se, Pine Knot, Kentucky.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Robert Radford, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

A Hardin County jury convicted Petitioner of possession with intent to sell more than thirty grams of a substance containing cocaine, possession with intent to sell marijuana, possession of drug paraphernalia, and sale of marijuana. *Oliver Higgins, Jr.*, 1991 WL 153021, at *1.  The trial court

sentenced Petitioner to an effective sentence of fifteen years as a Range II, multiple offender. *Id.* Appellant was unsuccessful on his appeal from his convictions to this Court. *Id.* at *4.

On October 29, 2008, Petitioner filed a Petition for Post-conviction Relief asserting that he was afforded ineffective assistance of both trial and appellate counsel, that he was actually innocent of the charges, and that new evidence exists. Petitioner stated that he was attempting to challenge the validity of these convictions because they were used by the Federal courts to impose a mandatory life sentence for violation of the Federal Controlled Substance Statutes.

On November 13, 2008, the trial court filed an order dismissing Petitioner's petition. In the order, the trial court treats the petition as a motion to reopen his petition. The trial court dismissed the petition on the basis that it was time-barred under the statute. Petitioner filed a notice of appeal on November 26, 2008.

## ANALYSIS

Petitioner argues that the post-conviction court erred in dismissing his petition. The State argues that this Court does not have jurisdiction to entertain this appeal because the notice of appeal was filed late and, in the alternative, that the petition is time-barred.

As stated above, the trial court treated the petition as a motion to reopen. Tennessee Code Annotated section 40-30-117 sets out the procedure for defendants to file a motion to reopen and to appeal from the denial of such motion. Tennessee Code Annotated section 40-30-117(c) states:

> If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

As the State points out, Petitioner's notice of appeal was filed more than ten days after the trial court's entry of the judgment. The trial court filed its order on November 13, 2008, which was a Thursday. November 23, 2008, ten days later, was a Sunday. Therefore, Under Tennessee Rules of Appellate Procedure 21(a), the next day, Monday, November 24, 2008, would have been the deadline for filing his permission to appeal. Petitioner was incarcerated at the time he filed his notice of appeal. Under Rule 28, § 2(g) of the Supreme Court Rules covering Post-conviction procedure, if a pro se petitioner is incarcerated and the papers required are not received in a timely manner, the "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." The date of service on Petitioner's notice of appeal was signed November 24, 2008. Therefore, we consider Petitioner's notice of appeal to have been filed within the ten days required by Tennessee Code Annotated section 40-30-117(c).

We now turn to the issue of whether Petitioner's notice of appeal could be considered an application for permission to seek appeal. In this case, Petitioner filed a "Notice of Appeal" which included the date and judgment from which he was appealing, but it did not include the issues to be raised or the reasons why the Court should grant review. Based upon the title of the pleading filed, the document would not be considered an application seeking permission to appeal as required by Tennessee Code Annotated section 40-30-117(c).

Our supreme court faced a similar situation in *Graham v. State*, 90 S.W.3d 687 (Tenn. 2002). In *Graham*, the petitioner filed a motion to reopen his post-conviction petition based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As in the case at hand, the petitioner filed a document entitled "Notice of Appeal" as opposed to an application seeking permission to appeal as required by the statute.[1] After pointing out that the statute did not specify what constitutes an application for permission to appeal, the *Graham* court stated the following: "In general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham*, 90 S.W.3d at 691. The court held that the petitioner's notice of appeal should be treated as an application for permission to appeal because the pleading included a reference to the trial judge's order and the issue to be raised. *Id.*

The same cannot be said of Petitioner's Notice of Appeal in the case at hand. Unlike the notice of appeal in *Graham*, Petitioner's notice of appeal does not include any information regarding the issue to be raised or any reasons why this court should grant review. For this reason, this appeal must be dismissed.

## **CONCLUSION**

For the foregoing reasons, we dismiss Petitioner's appeal for failure to properly file an application for permission to appeal.

_____
JERRY L. SMITH, JUDGE

---

[1] At the time *Graham* was decided, Tennessee Code Annotated section 40-30-117(c) was found at Tennessee Code Annotated section 40-30-217(c).