IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2011

## MACK TRANSOU v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-05-301    Roy B. Morgan, Jr., Judge**

**No. W2010-01313-CCA-R3-PC  - Filed March 31, 2011**

The *pro se* petitioner, Mack Transou, appeals the denial of his motion to reopen his post-conviction petition. Because he failed to comply with the statutory requirements for seeking review of a dismissal of a motion to reopen a post-conviction petition, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Mack Transou, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS and PROCEDURAL HISTORY

This case is procedurally complex, due in large part to the petitioner's numerous and varied *pro se* motions and pleadings in which he repeatedly raises the same claims.[1] The

---

[1] The record contains a number of *pro se* motions and pleadings other than the ones we mention in the body of the opinion. In addition, the petitioner has filed at least two separate petitions for writ of habeas corpus on the basis of the convictions at issue in his case. His theme remains consistent throughout his varied pleadings – that his DNA profile obtained from his prison blood draw, and which linked him to the rapes, was unlawfully obtained. See Mack Transou v. State, No. W2005-01935-CCA-R3-HC, 2006 WL 561401 (Tenn. Crim. App. Mar. 7, 2006), perm. to appeal denied (Tenn. May 30, 2006); Mack Transou v.

(continued...)

petitioner was convicted in separate jury trials of aggravated burglary and rape based on a December 23, 2001 criminal episode involving one victim, see State v. Mack T. Transou, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1 (Tenn. Crim. App. May 13, 2005), perm. to appeal granted (Tenn. Oct. 3, 2005), and of rape and sexual battery based on a March 17, 2002 episode involving a different victim. See State v. Mack T. Transou, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859, at *1 (Tenn. Crim. App. June 30, 2005), perm. to appeal granted (Tenn. Oct. 3, 2005). Our supreme court set out the background of the cases in the consolidated appeal in which it affirmed the petitioner's convictions and sentences:

> Defendant Mack Transou was convicted in 1999 of the Class E felony offense of driving after being declared a motor vehicle habitual offender. See [Tenn. Code Ann.] §§ 55-10-613(a), 55-10-616(b). The offense date was May 14, 1997. Transou was subsequently incarcerated for his infraction. During intake processing at the prison, Transou signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS. Transou's DNA profile was eventually matched to profiles developed from forensic evidence obtained in two unsolved crimes: the reported rape of S.K. in December 2001 and the reported rape of C.T. in March 2002. Transou was subsequently charged with both sets of offenses. In both cases he filed a motion to suppress the evidence obtained pursuant to the 1999 blood draw taken while he was in prison.

State v. Scarborough, 201 S.W.3d 607, 612 (Tenn. 2006) (footnote omitted). In affirming the convictions and sentences, our supreme court held that the petitioner "consented to having his blood drawn; that the evidence is sufficient to support [his] convictions of rape and aggravated burglary; and that his sentences for those crimes are valid." Id. at 611.

On August 1, 2005, while his direct appeal was still pending, the petitioner filed a petition for post-conviction relief from his 2003 convictions for aggravated burglary and rape, alleging that his DNA profile linking him to the crimes had been illegally obtained and that he was denied pretrial jail credits that would have resulted in the expiration of his sentence prior to the time that his blood was drawn. On August 31, 2005, the post-conviction court entered an order summarily dismissing the petition on the basis that the DNA issue had been previously determined and a post-conviction petition was not the appropriate avenue for challenging the calculation of pretrial jail credits that had been awarded toward the

---

[1](...continued)
State, No. W2008-02713-CCA-R3-HC, 2009 WL 1956826 (Tenn. Crim. App. July 9, 2009), perm. to appeal denied (Tenn. Oct. 26, 2009), motion to reconsider denied (Tenn. Nov. 23, 2009).

petitioner's sentence in an unrelated case. There is nothing in the record to show that the petitioner ever filed a direct appeal of the post-conviction court's order of dismissal.

On May 16, 2008, the petitioner filed a petition to reopen the August 2005 post-conviction petition in which he essentially reiterated the same arguments he had raised in the original petition. He also asserted that he had appealed the post-conviction court's August 31, 2005 order denying the post-conviction petition to this court but had heard nothing in response.

On May 28, 2008, the post-conviction court entered an order dismissing the petition to reopen, finding, among other things, that the petitioner had failed to comply with the statutory requirements for filing a motion to reopen a post-conviction petition and that the petitioner's allegations regarding the DNA evidence had been previously litigated and decided on appeal. The court further found that the petition could not be treated as a petition for writ of error coram nobis because the statute of limitations had long since expired. On June 2, 2008, the petitioner filed a notice of appeal document in the post-conviction court. On February 10, 2009, this court entered an order dismissing the appeal on the basis that the petitioner had failed to comply with the statutory requirements governing review of a denial of a motion to reopen.

On July 6, 2009, the petitioner filed a second motion to reopen his post-conviction petition. There is nothing else in the record with respect to his second motion.

On June 3, 2010, the petitioner filed a "Motion To Reconsider Post-Conviction Or In the Alternative, Petition For A Delayed Appeal," in which he again challenged the legality of the blood draw from which his DNA profile had been obtained. On June 14, 2010, the post-conviction court entered a detailed written order in which it dismissed the motion. Among other things, the court found that the petitioner was "simply attempting to re-litigate issues" that had been previously determined or waived and that he "ha[d] in no way been denied any appeal." On June 17, 2010, the petitioner filed a notice of appeal to the trial court.

## ANALYSIS

The State argues that this court is without jurisdiction to entertain the appeal because the petitioner failed to comply with the statutory requirements for seeking review of a denial to reopen a post-conviction petition. The State further argues that none of the petitioner's claims are cognizable in a motion to reopen and that the petitioner was not denied an appeal. We agree.

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov.7, 2007), perm. to appeal denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that "[i]f the motion is denied, the petitioner shall have ten (10) days to file an application *in the court of criminal appeals* seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2006) (emphasis added); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

The petitioner filed a notice of appeal in the trial court rather than an application for permission to appeal to this court. Although a notice of appeal may be construed as an application for permission to appeal if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal," see Graham, 90 S.W.3d at 691, the petitioner's notice of appeal does not contain sufficient substance, such as the issues the petitioner was seeking to raise or the reasons why the appellate court should grant review, to be effectively treated as an application for permission to appeal. Moreover, even if the petitioner had complied with the procedural requirements, we would affirm the dismissal of the motion, as none of the issues raised satisfy the requirements under Tennessee Code Annotated section 40-30-117(a) for reopening a petition for post-conviction relief. As the post-conviction court noted in its order of dismissal, the petitioner is merely attempting, once again, to re-litigate the same previously determined issues involving the DNA evidence that linked him to the crimes.

## CONCLUSION

Because the petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE

-4-