# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARIO THOMAS v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Obion County
### No. 4116   William B. Acree, Judge

---

### No. W2011-01635-CCA-R3-PC  - Filed February 24, 2012

---

The Petitioner, Mario Thomas, appeals the Obion County Circuit Court's denial of his motion to reopen post-conviction proceedings.  The State has filed a motion requesting that this Court affirm the post-conviction court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Mario Thomas, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Benjamin A. Ball, Assistant Attorney General for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

An Obion County jury convicted the Petitioner and his co-defendants, Clarence Carnell Gaston and Miqwon Deon Leach, of felony murder, second degree murder, and conspiracy to commit second degree murder.  The jury sentenced the Petitioner to life without the possibility of parole for the felony murder conviction.  The trial court merged the second degree murder conviction into the felony murder conviction.  The Petitioner was sentenced to eight years for the conspiracy convictions to be served concurrently to his life sentence without the possibility of parole.  This Court affirmed the Petitioner's convictions and sentences.  See State v. Clarence Carnell Gaston, Miqwon Deon Leach, and Mario

Deangalo Thomas, No. W2001-02046-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 92 (Tenn. Crim. App., at Jackson, Feb. 7, 2003), perm. to appeal denied (Tenn. Sept. 2, 2003).

The Petitioner subsequently sought post-conviction relief, alleging a violation of the Interstate Compact on Detainers Act, the denial of his right to testify at trial, and ineffective assistance of counsel. The post-conviction court's denial of the petition was affirmed by this Court. See Mario Deangalo Thomas v. State, No. W2002-01704-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 717 (Tenn. Crim. App., at Jackson, July 18, 2005), perm. to appeal denied (Tenn. Dec. 5, 2005).

In June 2011, the Petitioner filed a motion to reopen post-conviction proceedings. He alleged that evidence was improperly admitted, that his trial was not severed from the trial of his co-defendants, that the evidence was insufficient to support the convictions, and that counsel was ineffective. On July 12, 2011, the post-conviction court denied the motion to reopen the post-conviction petition. On July 29, 2011, the Petitioner filed a "Notice of Appeal" with the post-conviction court.

When seeking review of a trial court's denial of a motion to reopen, a petitioner shall file, within thirty days of the lower court's ruling, "an application in the court of criminal appeals seeking permission to appeal." T.C.A. § 40-30-117(c) (Supp. 2011);[1] Tenn. Sup. Ct. R. 28, § 10(B). The application shall include copies of all documents filed by both parties in the trial court and the order denying the motion. T.C.A. § 40-30-117(c) (Supp. 2011); see Tenn. Sup. Ct. R. 28, § 10(B). While the Tennessee Supreme Court has held that a pleading entitled "notice of appeal" can be treated as an application for permission to appeal, it "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002).

This Court cannot construe the notice of appeal document that the Petitioner filed in the trial court as an application for permission to appeal under Graham. Although the Petitioner filed the notice of appeal document within thirty days of the post-conviction court's order, he filed it in the post-conviction court and not this Court. The Petitioner failed to attach the documents filed by both parties in the post-conviction court and the order denying the motion to reopen. The Petitioner also failed to document the reasons why this Court should grant review.

To obtain review of the post-conviction court's order, a petitioner must comply with

---

[1] Effective May 27, 2011, the time for filing an application for permission to appeal in this Court was increased from ten days to thirty days.

the statutory requirements in Tennessee Code Annotated section 40-30-117(c). A petitioner's failure to comply with those requirements deprives this Court of jurisdiction to entertain the matter. Because the Petitioner has failed to comply with the statutory requirements, we are without jurisdiction to review this matter as an appeal of a denial of a motion to reopen a petition for post-conviction relief.

Even if the Petitioner had complied with the requirements in section 40-30-117(c), he has failed to allege a ground upon which the petition may be granted. <u>See</u> T.C.A. § 40-30-117(a). The post-conviction court did not abuse its discretion in denying the motion to reopen. <u>See</u> T.C.A. § 40-30-117(a), (c).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE