# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 21, 2012

## QUINTON A. CAGE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 034374      John H. Gasaway, III Judge**

---

**No. M2011-00234-CCA-R3-PC - Filed October 5, 2012**

---

The petitioner, Quinton A. Cage, filed an application to reopen his petition for post-conviction relief, asserting that he was incompetent when his post-conviction petition was filed. The post-conviction court denied the motion, and the petitioner appeals. Upon review, we dismiss the appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

B. Nathan Hunt, Clarksville, Tennessee (on appeal), and Jeffery Cherry, Lebanon, Tennessee (at trial), for the appellant, Quinton A. Cage.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

On December 2, 1994, a jury convicted the petitioner of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. State v. Quinton Cage, No. 01C01-9605-CC-00179, 1999 WL 30595, at *1 (Tenn. Crim. App. at Nashville, Jan. 26, 1999). The trial court imposed a twenty-five-year sentence for the aggravated rape conviction, a twenty-year sentence for the especially aggravated kidnapping conviction, an eight-year sentence for the

aggravated robbery conviction, a three-year sentence for the attempted aggravated robbery conviction, and a two-year sentence for the reckless endangerment conviction. Id. All of the sentences, except the attempted aggravated robbery conviction, were to be served consecutively. Id. On direct appeal, this court affirmed the petitioner's convictions and sentences. Id.

Thereafter, on February 4, 2000, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. State v. Quinton A. Cage, No. M2000-01989-CCA-R3-PC, 2001 WL 881357, at *2 (Tenn. Crim. App. at Nashville, Aug. 7, 2001). After counsel was appointed, a hearing on the petition was held on July 27, 2000, and the post-conviction court denied relief. Id. On appeal, this court affirmed the denial of the petition. Id. at *1.

On November 28, 2007, the petitioner filed a petition for a writ of habeas corpus, claiming that his convictions and sentences violated double jeopardy. See Quinton Cage v. Howard Carlton, Warden, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567, at *1 (Tenn. Crim. App. at Knoxville, Aug. 8, 2008). The habeas corpus court dismissed the petition for failure to state a claim upon which relief could be granted, and, on appeal, this court affirmed the dismissal. Id.

Subsequently, on August 14, 2009, the petitioner filed a pro se petition for a writ of error coram nobis, "alleg[ing] that he was entitled to a new trial because he was handcuffed at trial and that his not guilty plea was involuntary because trial counsel allegedly advised him that there was 'no such plea' as not guilty by reason of insanity." After counsel was appointed, the petitioner sought to convert the petition to a motion to reopen his post-conviction proceeding. The petitioner alleged that "during the filing of the original post conviction petition, and for a significant period thereafter, he was/is unable to manage his personal affairs and unable to understand his legal rights and liabilities." The petitioner argued that his mental incompetence denied him a reasonable opportunity to assert his post-conviction claims in a meaningful time and manner. Therefore, due process required that the statute of limitations for reopening his post-conviction petition be tolled.

In support of this contention, the petitioner submitted an affidavit from Dr. Casey C. Arney, a psychiatrist who treated the petitioner between 1999 and 2004. Dr. Arney stated that during that period, the petitioner was diagnosed with paranoid schizophrenia and that he was "appointed a conservator [on January 28, 2003,] for the purposes of involuntary treatment of his illness. Said conservatorship remains in effect today." Dr. Arney opined that the petitioner "was unable to assist his legal counsel in his defense during the time frame of 1999 through 2004 due to mental illness based upon my evaluations of him."

The post-conviction court granted the petitioner's request and allowed the pleading to be treated as a motion to reopen the petitioner's post-conviction proceedings. However, the post-conviction court denied the motion to reopen, stating that "[t]he petitioner's allegation that he was mentally incompetent during his post-conviction proceedings does not meet the statutory requirements for reopening a post-conviction petition, and the Tennessee Supreme Court has held that, generally, there is no constitutional or statutory right to competency in a post-conviction proceeding."

The court noted that the statute of limitations for filing an initial post-conviction petition may be tolled to satisfy due process concerns when a petitioner, due to mental incompetence, has been denied a reasonable opportunity to assert a claim in a meaningful time and manner. The court found that these concerns also applied to a motion to reopen a post-conviction petition. The court noted that Dr. Arney's affidavit suggested that the petitioner was unable to manage his personal affairs or to understand his legal rights and liabilities from 1999 to 2004, which included the time of the initial post-conviction proceeding. However, the court found that the petitioner failed to provide "prima facie evidence of the petitioner's supposed mental incompetence in the years following 2004." The court further determined that even if it considered Dr. Arney's affidavit, along with evidence that the petitioner's conservatorship remained in effect, the petitioner's claims were "'[u]nsupported, conclusory, or general allegations' that do not establish incompetency to proceed in a post-conviction proceeding." Therefore, the post-conviction court denied the petition. The petitioner now appeals this ruling.

## II. Analysis

Initially, we note that the State contends that the petitioner did not timely appeal the post-conviction court's dismissal of his petition to reopen. When a motion to reopen a petition for post-conviction relief is denied, the petitioner has ten days in which to file an application in this court seeking an interlocutory appeal. Tenn. Code Ann. § 40-30-117(c).[1] The rules of appellate procedure do not otherwise allow an appeal as of right from the denial of a motion to reopen a post-conviction relief proceeding. See Tenn. R. App. P. 3(b); see also Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002).

In the instant case, the post-conviction court denied the motion to reopen on December 29, 2010, but the petitioner did not file the notice of appeal until January 26, 2011. Therefore, he clearly did not file his notice of appeal within the ten-day time period. Since

---

[1] Effective May 27, 2011, Tennessee Code Annotated section 40-30-117(c) was amended to allow a petitioner thirty days in which to file an application in the court of criminal appeals seeking permission to appeal. The proceedings in the petitioner's case transpired before the effective date of the amendment.

the petitioner failed to perfect his appeal according to the statutorily mandated procedure, this court is without jurisdiction to address the motion to reopen.  See Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. at Jackson, Nov. 7, 2007); William Lee Drumbarger v. State, No. M1999-01444-CCA-R3-PC, 1999 WL 1103500, at *1 (Tenn. Crim. App. at Nashville, Dec. 7, 1999).

### III.  Conclusion

In sum, we dismiss the petitioner's appeal as untimely.

_____
NORMA MCGEE OGLE, JUDGE