# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs November 1, 2011

## TOSHA TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-09190      Chris Craft, Judge**

---

**No.  W2011-00372-CCA-R3-PC  - Filed October 15, 2012**

---

The pro se petitioner, Tosha Taylor, appeals the denial of her motion to reopen her post-conviction petition.  Because she failed to comply with the statutory requirements for seeking review of a dismissal of a motion to reopen a post-conviction petition, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Tosha Taylor, Pro Se, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner was charged with first degree murder, attempted especially aggravated robbery, and possession of controlled substances with intent to sell and deliver.  On December 18, 2008, Petitioner pled guilty to second degree murder and attempted especially aggravated robbery.  She received an effective sentence of fifteen years.  On October 16, 2009, she filed a pro se petition for post-conviction relief.  Subsequently, Petitioner voluntarily withdrew her petition. According to the post-conviction court's order, this action was taken:

[W]ith the advice of counsel after having been voir dired by [the post-conviction court] about her rights, and after being informed that she could never file another petition once this one was withdrawn as any additional grounds would have been waived as not having been included in the petition and based on the merits.

On January 21, 2011, Petitioner filed a motion to reopen her post-conviction petition. She based her motion on *U.S. v. Irons*, 646 F. Supp. 2d 927 (E.D. Tenn. 2009), and argued that *Irons* created a newly-recognized constitutional right.[1]

On February, 1, 2011, the post-conviction court filed an order denying Petitioner's motion. The post-conviction court based the denial on several factors: Petitioner's failure to allege the constitutional right established by *Irons*; Petitioner's failure to show that such constitutional right requires retroactive application; the fact that Petitioner waited more than a year after *Irons* was decided to bring the motion; the fact that she waived this issue when she voluntarily withdrew her initial petition for post-conviction relief; and the fact that she waived any suppression or marital privilege issues, as addressed in *Irons*, when she pled guilty. Petitioner filed a timely notice of appeal on February 16, 2011.

## *ANALYSIS*

The State argues that this Court is without jurisdiction to entertain the appeal because Petitioner failed to comply with the statutory requirements for seeking review of a denial to reopen a post-conviction petition. The State further argues that her assertion of a new constitutional rule must fail and that none of Petitioner's other claims are cognizable in a motion to reopen. We agree.

A petitioner has no appeal as of right from a lower court's denial of her motion to reopen a post-conviction petition. *See* Tenn. R. App. P. 3(b); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App., at Jackson, Nov.7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008); *Miko T. Burl v. State*, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App., at Jackson, Nov. 17, 2006). Tennessee Code Annotated section 40-30-117(c) governs motions to reopen post-conviction petitions. The statute, at the time of Petitioner's motion, provided that "[i]f the motion is denied, Petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion."

---

[1] *Irons* deals, *inter alia* with the parameters of marital communications privilege.

T.C.A. § 40-30-117(c);[2] *see also* Tenn. Sup. Ct. R. 28, § 10(B); *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002) (stating "Accordingly, Tenn. Code Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

Petitioner filed a notice of appeal in the trial court rather than an application for permission to appeal to this Court. A notice of appeal may be construed as an application for permission to appeal if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." *See Graham*, 90 S.W.3d at 691. Petitioner's notice of appeal does not contain sufficient substance, such as the issues Petitioner was seeking to raise or the reasons why the appellate court should grant review so as to be effectively treated as an application for permission to appeal.

Moreover, even if Petitioner had complied with the procedural requirements, we would affirm the dismissal of the motion, as none of the issues raised satisfy the requirements under Tennessee Code Annotated section 40-30-117(a) for reopening a petition for post-conviction relief. As the post-conviction court noted in its order of dismissal, Petitioner has not shown that *Irons* established a newly-recognized constitutional right that must be retroactively applied. Even if *Irons* had established such a right, Petitioner has failed to file her motion within one year of the date of July 28, 2009, when *Irons* was decided.

## *CONCLUSION*

Because Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of her motion to reopen the post-conviction petition, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE

---

[2]Tennessee Code Annotated section 40-30-117(c) has subsequently been amended to state that a petitioner has thirty (30) days to file an application in the court of criminal appeals. This amendment went into effect on May 27, 2011. T.C.A. § 40-30-117(c)(Supp. 2011).

-3-