**Thomas Eugene GRAHAM**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 26, 2002.

Petition for Rehearing Denied
Jan. 23, 2003.

straightforward application of the uninsured motorist statute.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellant, Thomas Eugene Graham.

Michael E. Moore, Solicitor General, and Elizabeth B. Marney, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

## OPINION

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

We granted this appeal to determine whether the petitioner timely filed an application for permission to appeal. The trial court had denied his motion to reopen his previous petition for post-conviction relief in accordance with Tenn.Code Ann.

§ 40–30–217(c). The Court of Criminal Appeals ruled that the appeal was untimely because it was not filed within ten days of the date on which the trial court signed the order denying the motion to reopen. After reviewing the record, we hold that the appeal was timely because it was filed within ten days of the date the trial court's order denying the motion to reopen was filed with the clerk and that the petitioner substantially complied with the procedural requirements of Tenn.Code Ann. § 40–30–217(c). We further conclude, however, that the allegations in the petition itself are without merit; therefore, the judgment of the Court of Criminal Appeals is affirmed.

## BACKGROUND

On January 9, 1991, the petitioner, Thomas Graham, was convicted of aggravated rape, aggravated kidnapping and aggravated burglary, and was sentenced to serve an effective sentence of 25 years in the state penitentiary. The Court of Criminal Appeals affirmed the convictions but modified the sentence for aggravated kidnapping.

Graham later filed petitions for post-conviction relief that were denied by the trial court. The Court of Criminal Appeals affirmed the trial court's ruling. The petitioner, thereafter, on October 24, 2000, filed a motion to reopen his post-conviction petition, contending that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), created a new constitutional right that entitled him to relief. On December 6, 2000, the trial judge signed an order denying the motion, but it was not filed in the trial court clerk's office until December 13, 2000. The trial court clerk's certification letter and a copy of the denial order arrived at the correctional facility where Graham is confined on December 18, 2000, twelve days after the trial judge signed it. Three days later, on December 21, 2000, the petitioner filed a *pro se* pleading entitled, "notice of appeal," in the correctional facility mailbox. The "notice of appeal" was filed with the clerk of the Court of Criminal Appeals on December 27, 2000.

The Court of Criminal Appeals dismissed the petitioner's appeal for failing to meet two requirements of Tenn.Code Ann. § 40–30–217(c): first, the court determined that the appeal was untimely because it was not filed within ten days of the date on which the trial court signed the order denying the motion to reopen; and second, the court concluded that there was a failure to comply with the statute by filing the papers as a "notice of appeal" rather than an application seeking permission to appeal. We granted review to address whether Graham's attempt to appeal comported with the requirements of Tenn.Code Ann. § 40–30–217(c).

## ANALYSIS

The procedures governing motions to reopen a post-conviction proceeding are outlined in Tenn.Code Ann. § 40–30–217. Relevant to our review in the present case is Tenn.Code Ann. § 40–30–217(c), which provides:

> If the motion [to reopen] is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

Accordingly, Tenn.Code Ann. § 40–30–217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.

We begin our analysis by addressing the timeliness issue. The Court of Criminal Appeals held that the ten-day statutory period began to run on the date the trial judge entered the order, *i.e.*, December 6, 2000, and thus expired before the petitioner's pleading was filed in the Court of Criminal Appeals on December 27, 2000. Both the petitioner and the State agree that the appellate court erred in this finding. They agree that the statutory period outlined in Tenn.Code Ann. § 40–30–217(c) does not begin to run until the trial judge's order is *filed* in the trial court clerk's office, and thus, would not have begun to run in this case until December 13, 2000. The parties further agree that pursuant to Rule 28, § 2(G), Tenn. S.Ct. R., the petitioner's documents must be deemed filed on December 21, 2000, the day they were delivered to the appropriate person at his correctional facility.[1]

The statutory language in Tenn.Code Ann. § 40–30–217(c) does not specifically identify when the statutory ten-day period begins to run. The petitioner points to the comment to Tenn. R. Civ. P. 58, which provides that "the effective date of a judgment is the date of its filing with the clerk after being signed by the judge...." As the petitioner also notes, however, Rule 28, § 3(B), Tenn. S.Ct. R., provides that neither the rules of civil procedure nor the rules of criminal procedure apply to post-conviction petitions.[2] The State therefore suggests we look for guidance to *Parrish*

*v. Yeiser*, 41 Tenn.App. 690, 298 S.W.2d 556 (1955), in which the court held that filing in the clerk's office started the ten-day period at issue in that case. The *Parrish* decision, however, did not involve Tenn.Code Ann. § 40–30–217(c), which was not enacted until 1995.

Accordingly, this Court must decide the issue without any controlling statutory language or rule of procedure. The provisions of Tenn.Code Ann. § 40–30–217(c) are intended to provide a procedure by which a petitioner may ask a trial court to reopen a post-conviction suit and a method by which a petitioner must expeditiously seek review of a trial court's decision. Given the short time period for seeking review, we believe that the ten-day time period should be applied in a manner that promotes fairness, consistency, and uniformity. In the present case, for example, the petitioner had no notice that the trial court had denied the motion within ten days from its signing by the trial court. To promote these principles, we choose to borrow the filing framework established by Tenn. R. Civ. P. 58 and hold that the ten-day appeal period in Tenn.Code Ann. § 40–30–217(c) begins when the order denying the motion to reopen is filed with the trial court clerk and not when the judge signs the order or the clerk enters it into the minutes.

Accordingly, we hold that the appeal period did not begin to run until December 13, 2000, when the trial court clerk actually

---

**1.** Tenn. S.Ct. R. 28, § 2(G) provides that papers filed by a *pro se* petitioner incarcerated in a correctional facility are considered timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing."

**2.** Rule 28, § 3(B) provides, "[n]either the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifi-

cally provided by these rules." In addition, the petitioner relies upon the decision in *Maney v. State*, No. 03C01–9612–CR–00470, 1997 WL 625280, 1997 Tenn.Crim.App. LEXIS 1021 (Oct. 10, 1997), for support. However, this unpublished decision provides no guidance because its holding discusses the appeal deadline in the Tennessee Rules of Appellate Procedure rather than the appeal period in Tenn.Code Ann. § 40–30–217(c).

filed the order denying the motion to reopen. Moreover, because the petitioner placed his documents in the correctional facility mailbox on December 21, 2000, we agree with the petitioner and the State that they were timely filed under Tenn. S.Ct. R. 28, § 2(G).

We next address the more contentious issue as to whether the petitioner's "notice of appeal" constitutes an application for permission to appeal as mandated by Tenn.Code Ann. § 40–30–217(c). Because the statute does not specifically define an application for permission to appeal, we turn to analogous provisions under our Tennessee Rules of Appellate Procedure. In general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review. *See, e.g.,* Tenn. R.App. P. 9(d), 10(c), 11(b).

■ Although the pleading filed by the petitioner was entitled "notice of appeal" instead of an application for permission to appeal, the label is not dispositive of whether this Court may nonetheless treat the filing as an application for permission to appeal. Instead, we note that the petitioner's pleading included a reference to the trial judge's order, the issue sought to be raised, *i.e.,* the legality of his sentence, and the argument that the sentence violated the Sixth Amendment. Therefore, we find that the pleading, while entitled "notice of appeal," contained sufficient substance that it may be effectively treated as an application for permission to appeal.[3]

■ The State has elected to argue two additional issues not addressed in the

Court of Criminal Appeals' opinion or our grant order. First, the State contends that the appeal was filed in the wrong court. Although the heading on the notice of appeal incorrectly listed the trial court, the document was stamped as filed in the Court of Criminal Appeals on December 27, 2000. As such, we find that the petitioner filed his appeal in the Court of Criminal Appeals as required by the statute. Next, the State argues that the petitioner's application did not attach the documents required by Tenn.Code Ann. § 40–30–217(c). Although the petitioner's filing did not contain a copy of the trial court's order as required by the statute, it did include a reference to the "designation of the record," which included the order and reflected the petitioner's intent that the record include all the necessary documents for review.

Accordingly, we conclude that the appeal was filed in a timely manner within the time period provided by statute; that it was filed in the proper court, *i.e.* the Court of Criminal Appeals; and that the notice of application contained sufficient substance and information to constitute a proper application for permission to appeal with sufficient documentation to represent substantial compliance with Tenn.Code Ann. § 40–30–217(c).

■ Having dispensed with the procedural issue, we now turn to the petitioner's substantive claim, that his sentence violated his Sixth Amendment rights as announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The jury convicted the petitioner of aggravated rape, aggravated kidnapping, and aggravated burglary, and the trial court imposed the maximum available

---

**3.** In addition, Tenn. R.App. P. 3(f) requires that a notice of appeal identify only the name of the appealing party, the judgment from which relief is sought, and the court to which the appeal is taken. It is clear that the pleading filed by the petitioner contains much more information than required of a notice of appeal.

sentence for every charge due to its finding of several enhancement factors.[4] The petitioner argues that the trial court violated *Apprendi* because it increased his sentence based on enhancement factors that had not been charged in the indictment or found by the jury beyond a reasonable doubt.

In *Apprendi,* the United States Supreme Court reviewed a New Jersey provision that allowed a judge to impose a sentence exceeding the statutory maximum for an offense if the judge finds, by a preponderance of the evidence, that the offense constituted a hate crime. The Supreme Court struck the provision down, holding that due process requires that "any fact, other than a previous conviction, used to enhance a sentence above the statutory maximum must be: (1) charged in the indictment, (2) submitted to the jury, and (3) proven beyond a reasonable doubt." *State v. Dellinger,* 79 S.W.3d 458, 466 (Tenn.2002) (quoting *Apprendi,* 530 U.S. at 476, 120 S.Ct. 2348). However, the Court emphasized that the judge still retains his discretion to consider all enhancing and mitigating factors *"within the range* prescribed by the statute." *Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348 (emphasis added).

The petitioner in this case received a sentence *within* the statutory maximum for each crime. Accordingly, the trial court was well within its constitutional and statutory authority to consider enhancing factors for the purpose of sentencing without the assistance of the jury. Thus, *Apprendi* provides the petitioner with no relief.

## CONCLUSION

After reviewing the record, we hold that the appeal was timely because it was filed within ten days of the date the trial court's order denying the motion to reopen was filed with the court clerk and that the petitioner substantially complied with the procedural requirements of Tenn.Code Ann. § 40–30–217(c). We further conclude, however, that the allegations in the petition itself are without merit; therefore, the judgment of the Court of Criminal Appeals is affirmed. It appearing from the record that the petitioner is indigent, the costs of appeal are taxed to the State of Tennessee.

---

4. Between the time of petitioner's commission of the offenses and the time of imposition of his sentences, the legislature changed aggravated kidnapping from a Class A to a Class B felony and thus, dropped the maximum sentence from 25 to 12 years. Pursuant to the savings statute, the Court of Criminal Appeals reduced the petitioner's aggravated kidnapping sentence from 25 to 12 years.