IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## STATE OF TENNESSEE v. CHRISTOPHER DEMOTTO LINSEY

**Appeal from the Circuit Court for Montgomery County**
**No. 4900006     John H. Gasaway, III, Judge**

---

**No. M2003-02420-CCA-R3-CD - December 30, 2004**

---

JERRY L. SMITH, J., concurring.

I concur with the majority opinion in all respects save its treatment of the question whether the appellant waived his right to review alleged sentencing error vis-a-vis Blakely v. Washington, 542 U. S. ___, 124 S. Ct. 2531 (2004). First, a number of members of this Court, including the author of this concurring opinion, have concluded that Blakely review is not waived because the appellant failed to raise the issue at trial after Apprendi v. New Jersey, 530 U. S. 466, 120 S. Ct. 2348 (2000); was decided but before Blakely was decided, so long as the case was pending on direct appeal at the time of the Blakely decision. See e.g. State v. Ricky Grover Aaron, No. M2002-02288-CCA-R3-CD, 2004 WL 1533825 (Tenn. Crim. App. at Nashville, Jul. 8, 2004); State v. Charles Benson, No. M2003-02127-CCA-R3-CD, 2004 WL 2266801 (Tenn. Crim. App. at Nashville, Oct. 8, 2004); State v. Julius E. Smith, No. E2003-01059-CCA-R3-CD, 2004 WL 1606998 (Tenn. Crim. App. at Knoxville, July 19, 2004); State v. Michael Wayne Poe, No. E2003-00417-CCA-R3-CD, 2004 wl 1607002 (Tenn. Crim. App. at Knoxville, July 19, 2004). These cases rest on the proposition that Blakely establishes a new rule in this State with respect to sentencing, one that was not dictated by the existing precedent of Apprendi. State v. Ricky Gover Aaron, No. M2002-02288-CCA-R3-CD, 2004 WL 1533825 (Tenn. Crim. App. at Nashville, Jul. 8, 2004); State v. Charles Benson, 2004 WL 2266801 at *8; see also Blakely v. Washington, 124 S. Ct at 2549-50 (O'Connor, J. Dissenting).

Moreover, our state supreme court, prior to Blakely had held that Tennessee's sentencing scheme was not compromised by Apprendi. Graham v. State, 90 S.W.3d 687, 692 (Tenn. 2002). Our supreme court reasoned our sentencing scheme was not invalidated by Apprendi because Tennessee's sentencing scheme permitted judges to consider enhancement factors in determining where along a legislatively prescribed spectrum of years within a range any given defendant should be sentenced. Id. In contrast the sentencing scheme invalidated in Apprendi permitted judges to determine the existence of facts that permitted the judge to sentence the defendant to a term greater

than the legislatively permitted maximum warranted simply by the jury's verdict. The Washington sentencing scheme invalidated in <u>Blakely</u> allowed judges to do exactly the same thing as in <u>Apprendi</u>. This is why I think it is simply unfair to hold attorneys in Tennessee to the same level of foresight as those in the State of Washington. Any good attorney in the State of Washington should have seen that <u>Apprendi</u> called into question Washington's sentencing procedure. The same cannot be said for lawyers in Tennessee where our sentencing scheme itself is not like that in <u>Apprendi</u> and our state supreme court had indicated that <u>Apprendi</u> did not affect Tennessee's sentencing procedures. Our sentencing procedures were affected by <u>Blakely</u> only because of the sweeping definition given by the Supreme Court to the term "relevant statutory maximum for <u>Apprendi</u> purposes" <u>Blakely</u>, 124 S. Ct. At 2537. The holding in <u>Blakely</u> sent shock waves through the legal community throughout the nation. It is simply facile, in my view, to say that the invalidity of Tennessee's sentencing scheme should have been anticipated and any issue relating to it is therefore waived if not raised after <u>Apprendi</u>.

For the foregoing reasons I would find that the <u>Blakely</u> issue is not waived. However, as noted in the principal opinion judicial consideration of the defendant's record of criminal convictions alone, which is permitted by <u>Blakely</u>, is sufficient to warrant the sentence imposed. I therefore concur in the results reached by the Court on this issue and concur fully in all other aspects of the Court's opinion.