# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JAMES R. BLEVINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Washington County**
**No. 30570    Lynn W. Brown, Judge**

---

**No. E2004-02497-CCA-R3-PC Filed July 13, 2005**

---

The pro se petitioner, James R. Blevins, appeals from the dismissal of his motion to reopen his post-conviction petition.  The states moves the court to affirm the judgment of the trial court pursuant to Rule 20 of this court's rules. The motion was properly dismissed for lack of merit.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

James R. Blevins, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted of four counts of rape.  The trial judge sentenced him as a standard offender to a Range I sentence of seven years for each count. The sentences were ordered to be served consecutively for an effective sentence of twenty-eight years.  The judgment was affirmed on appeal.  See State v. James R. Blevins, No. 250 (Tenn. Crim. App. Aug. 31, 1989), reh'g denied (Tenn. Crim. App. Oct. 18, 1989), app. denied (Tenn. Jan. 2, 1990), reh'g denied (Tenn. Feb. 5, 1990).  Thereafter, the petitioner's petition for post-conviction relief was dismissed following an evidentiary hearing.  On appeal, the judgment was affirmed.  See James R. Blevins v. State, No. 03C01-9106-CR-00171 (Tenn. Crim. App. Oct. 27, 1994), app. denied (Tenn. Feb. 6, 1995).

On August 6, 2004, the petitioner filed a motion to reopen his post-conviction petition.  See Tenn. Code Ann. § 40-30-117 (2005); see also Tenn. Sup. Ct. R. 28 § 10(b).  He alleged that the decision of the United States Supreme Court in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004) established a new rule of law retrospectively applicable to his case that entitled him to reopen his post-conviction proceedings.  See Tenn. Code Ann. § 40-30-117(a)(1).  In particular, the

petitioner submitted that his sentence was enhanced by the trial court beyond the statutory maximum in violation of the <u>Blakely</u> holding. On August 26, 2004, the trial court dismissed the motion, finding that <u>Blakely</u> did not establish a new constitutional right and that the decision was not applicable to cases on collateral review.

On September 3, 2004, the petitioner filed a "notice of appeal" from the order of dismissal. The trial court clerk transmitted a record which was filed in this court on October 25, 2004. The petitioner filed a brief, and the state responded with the instant Rule 20 motion.

Pursuant to Tennessee Code Annotated Section 40-30-117(c), upon the denial of a motion to reopen a post-conviction proceeding, "the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." In this case, the petitioner instead filed within 10 days a "notice of appeal" in the trial court with no attachments and nothing to reflect the nature of the grounds that he alleged supported reopening his post-conviction petition. Relevant information, including the challenged order, is before this court only because a record was transmitted as if this were an appeal as of right rather than an application for discretionary review. Based on the cited deficiencies, we conclude that the notice of appeal is not properly construed as an application for permission to appeal. <u>See</u> <u>Graham v. State</u>, 90 S.W.3d 687, 691 (Tenn. 2002). Finally, even were we to consider the application on its merits, we would conclude that the petitioner has failed to establish that he is entitled to relief. In <u>State v. Gomez and Londono</u>, No. M2002-01209-SC-R11-CD, 2005 Tenn. LEXIS 350, ** 39, 41 (Tenn. Apr. 15, 2005), <u>reh'g denied,</u> (Tenn. May 18, 2005), the Tennessee Supreme Court held that <u>Blakely</u> did not establish a new rule of law. The court thus noted that the filing of a motion to reopen based on <u>Blakely</u> "would be a futile endeavor." <u>Id.</u> at *45, n.16. The petitioner's reliance on <u>Blakely</u> thus avails him nothing.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the trial court properly dismissed the petitioner's motion to reopen his post-conviction petition. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE