# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DONALD CLARK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27880     Paula Skahan, Judge**

---

**No. W2008-00483-CCA-R3-PC  - Filed October 30, 2008**

---

The *pro se* petitioner, Donald Clark, appeals the dismissal of his motion to reopen his petition for post-conviction relief.  The State has filed a motion requesting that this court dismiss the appeal for lack of jurisdiction or, in the alternative, affirm the post-conviction court's summary dismissal of the motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petitioner did not comply with the statutory requirements for seeking discretionary review of the dismissal of his motion, this court has no jurisdiction in the case.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Donald Clark, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2001, the petitioner was convicted in the Shelby County Criminal Court of especially aggravated robbery and sentenced to twenty-seven years as a violent offender.  This court affirmed the judgment of the trial court, and the supreme court denied the petitioner's application for permission to appeal.  See State v. Donald Clark, No. W2001-01549-CCA-R3-CD, 2003 WL 21339272, at *1 (Tenn. Crim. App. May 15, 2003), perm. to appeal denied (Tenn. Oct. 27, 2003).  On November 23, 2003, the petitioner filed a *pro se* petition for post-conviction relief, followed, after the appointment of counsel, by an amended petition filed on July 25, 2005.  The post-conviction court subsequently denied the petition, and this court affirmed that judgment on April 25, 2007.  The petitioner's application for permission to appeal to the supreme court was denied on August 20, 2007.  See Donald Clark v. State, No. W2006-00642-CCA-R3-PC, 2007 WL 1215024, at *1 (Tenn. Crim. App. Apr. 25, 2007), perm. to appeal denied (Tenn. Aug. 20, 2007).

On October 31, 2007, the petitioner filed a *pro se* motion to reopen his petition for post-conviction relief, alleging, *inter alia*, that his sentence was illegally enhanced in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and that there was new scientific evidence to establish his innocence, specifically, the affidavit of complaint for a search warrant issued in the case had not been reviewed or signed by a neutral magistrate. On January 30, 2008, the post-conviction court entered an order denying the motion to reopen on the basis that the petitioner was not entitled to retrospective application of the rule announced in Blakely; the original affidavit of complaint was, in fact, signed; and even if the affidavit of complaint were unsigned, such would not constitute new scientific evidence establishing the petitioner's innocence of the offense. On February 28, 2008, the petitioner filed a notice of appeal in the Shelby County Criminal Court.

The State argues that this court lacks jurisdiction to entertain the appeal because the petitioner has no appeal as of right from the denial of a motion to reopen post-conviction proceedings and failed to comply with the procedural requirements, including the ten-day time limit, for seeking a discretionary appeal in this court. We agree with the State.

The State correctly notes that a petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. to appeal denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that "[i]f the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2006); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code. Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

Here, the petitioner failed to file his application for permission to appeal within ten days of the date on which the lower court's denial of the motion was filed, to file his application in the proper court, or to attach the relevant documents. Because he failed to substantially comply with the procedural requirements outlined in the statute, we lack jurisdiction to entertain the appeal. Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE

-2-