# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MICHAEL W. SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. 9608877, 9608880   Arthur T. Bennett, Judge**

---

### No. W2012-01073-CCA-R3-PC  - Filed December 11, 2012

---

The Petitioner, Michael W. Smith, appeals the Shelby County Criminal Court's denial of his pro se petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the post-conviction court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ALAN E. GLENN,  J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Michael W. Smith, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On March 18, 1997, the Petitioner entered best interest guilty pleas to two counts of rape, two counts of aggravated burglary, and five misdemeanor offenses. See Michael Wade Smith v. State, No. W1999-01817-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 835 (Tenn. Crim. App., at Jackson, Oct. 23, 2000).  The Petitioner received concurrent sentences of ten years for each rape conviction, six years for each aggravated burglary conviction, and eleven months, twenty-nine days for each misdemeanor conviction, for an effective sentence of ten years incarceration.  The Petitioner then sought post-conviction relief.  This court held that because the second rape offense and the aggravated burglary offenses were committed while

the Petitioner was on bond for the initial charges, the plea agreement violated Tennessee Code Annotated section 40-20-111(b), which requires that the sentence for a felony committed while on bail be served consecutively to the sentence for the initial felony charge. Michael Wade Smith, 2000 Tenn. Crim. App. LEXIS 835, at **6-8. This court remanded the case to the trial court with instructions that the Petitioner be allowed to withdraw his guilty pleas. Id. at **8-9.

On April 29, 2003, the Petitioner entered pleas pursuant to California v. Alford, 400 U.S.25 (1970), to one count of rape and one count of attempted rape in exchange for consecutive sentences of eight years at 100% for the rape conviction and three years at 30% for the attempted rape conviction, for an effective sentence of eleven years incarceration. On May 12, 2004, the Petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel and that his plea was unknowing and involuntary. The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. See Michael W. Smith v. State, W2005-00246-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 1275 (Tenn. Crim. App., at Jackson, Dec. 14, 2005), perm. app. denied (Tenn. Apr. 24, 2006).

The Petitioner subsequently filed a second petition for post-conviction relief. The petition states that the Petitioner gave the petition to prison authorities for mailing on April 24, 2011, but the petition was not filed in the post-conviction court until February 2, 2012. The Petitioner asserted that the State withheld exculpatory evidence that would have proven his innocence. He maintained that the State withheld evidence that a document "purporting a 'match' between [his] DNA and the DNA obtained from the crimes" had been falsified. The State filed a motion to dismiss asserting that the petition was barred pursuant to Tennessee Code Annotated section 40-30-102 as a subsequent post-conviction petition. On April 24, 2012, the trial court entered an order granting the State's motion and dismissing the Petitioner's petition. This appeal followed.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The Post-Conviction Procedure Act "contemplates" only one petition for relief, and a petition may not file more than one petition "attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). If a previous petition is resolved on the merits by a court of competent jurisdiction, a "subsequent petition shall be summarily dismissed." Id. Because the Petitioner's first post-conviction petition was resolved on the merits by a court of competent jurisdiction, the post-conviction court properly dismissed the Petitioner's subsequent petition.

-2-

Even if we interpret the Petitioner's pleading as a motion to reopen the first post-conviction petition, he is not entitled to relief. A petitioner may move to reopen the first post-conviction petition only if the motion is based (1) on a constitutional right that was not recognized at the time of trial, (2) on new scientific evidence establishing the petitioner's innocence, or (3) on a sentence enhanced based on a previous conviction that was found to be invalid. Tenn. Code Ann. § 40-30-117(a)(1)-(3). If the motion to reopen is denied, the petitioner shall have thirty days to file an application in this court seeking permission to appeal. Tenn. Code Ann. § 40-30-117(c) (2011). The application shall include copies of all documents that the parties filed in the trial court and the order denying the motion. Id.

A notice of appeal may be treated as an application for permission to appeal if it includes "sufficient substance that it may be effectively treated as an application for permission to appeal." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002). Generally, the application must include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. When the petitioner fails to follow the statutory requirements seeking review of a denial of a motion to reopen, this court is without jurisdiction to consider the appeal. See John R. Green v. State, No. W2011-01637-CCA-R3-PC, 2012 Tenn. Crim. App. LEXIS 416, at *11 (Tenn. Crim. App., at Jackson, June 19, 2012).

The notice of appeal filed by the Petitioner fails to meet all of the requirements of an application for permission to appeal the denial of a motion to reopen. The notice does not state the issues for review or the reasons for relief. The Petitioner failed to attach the required documents to his notice, including the DNA report about which the Petitioner complains. The DNA report is not otherwise included in the appellate record. We, therefore, conclude that even if we view the Petitioner's petition as a motion to reopen post-conviction proceedings, the Petitioner failed to properly seek review of the post-conviction court's denial of the motion.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE