IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2020

## JAROD MARGES PHILLIPS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3454    Jennifer Smith, Judge**

_____

### No. M2020-00699-CCA-R3-PC

_____

The Petitioner, Jarod Marges Phillips, appeals the dismissal of his motion to reopen his petition for post-conviction relief. He argues that the post-conviction court erred in summarily dismissing his petition because his claim was based on a recent decision of the United States Supreme Court that established a new rule of constitutional law. Because the Petitioner failed to comply with the statutory requirements for seeking review of a dismissal of a motion to reopen a post-conviction petition, we dismiss the appeal.

**Tenn. R. App. P. 3, Appeal as of Right; Case Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Jarod Marges Phillips, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The Petitioner was indicted for first-degree premeditated murder, first-degree felony murder, and especially aggravated robbery, arising out of the 2009 murder of Nathaniel Adefope, a professor at Tennessee State University, in his workplace, where the Petitioner also worked. Jarod Marges Phillips v. State, No. M2014-01374-CCA-R3-PC, 2015 WL 12978203, at *1 (Tenn. Crim. App. Apr. 15, 2015), perm. app. denied (Tenn. July 17,

2015). On January 25, 2012, the Petitioner entered a best interest guilty plea to second-degree murder for which he received an out-of-range sentence of thirty-two years. Id.

The Petitioner filed a timely petition for post-conviction relief on October 18, 2012, and the court appointed counsel to represent him. However, while the post-conviction proceedings were pending, the Petitioner filed a state petition for writ of habeas corpus on July 15, 2013. In his petition for writ of habeas corpus, the Petitioner asserted that he was being "illegally restrained" because he was sentenced as a Range II offender rather than a Range I offender. Jarrod Phillips v. State, No. M2013-02026-CCA-R3-HC, 2014 WL 1663109, at *1 (Tenn. Crim. App. Apr. 23, 2014), perm. app. denied (Tenn. Sept. 22, 2014). The habeas court summarily dismissed the petition because the Petitioner agreed to the sentence as part of a plea bargain. Id. This court affirmed on appeal, noting that the Petitioner entered a "Hicks plea," which "waive[d] any irregularity as to offender classification or release eligibility." Id. at *2 (internal quotation and citations omitted). This court elaborated that the Petitioner's sentence was legal, and he was not entitled to habeas corpus relief because the length of his sentence did not exceed the maximum punishment statutorily authorized for the offense of conviction. Id. at *3.

In the post-conviction proceedings, the Petitioner argued that his guilty plea was unknowing and involuntary and that he received ineffective assistance of counsel because trial counsel failed to explain that he would be pleading to an out-of-range sentence and failed to inform him that the State was not going to call the three jailhouse informants to testify against him. Id. at *4-6. The post-conviction court denied relief, and this court affirmed. Id. at *3, *6. The Tennessee Supreme Court denied the Petitioner's application for permission to appeal.

The Petitioner then filed a federal petition for writ of habeas corpus on September 28, 2015, in which he raised "ten claims, all of which surround the knowingness or voluntariness of his plea of guilt and the consequent sentence." Jarrod Phillips v. Debra K. Johnson, Warden, No. 3:15-cv-1039, 2017 WL 5900114, at *2 (M.D. Tenn. Nov. 30, 2017). The district court adopted the magistrate judge's report and recommendation, and denied the Petitioner's petition for writ of habeas corpus. Id. at *4. The district court agreed with the magistrate judge's determination that four of the Petitioner's claims had been exhausted, and the remaining claims had been procedurally defaulted. Id. at *2-6. The district court did not issue a certificate of appealability, determining that the Petitioner "cannot demonstrate that reasonable jurists would find the [c]ourt's conclusions on the merits or on the issue procedural default debatable or wrong[.]" Id. at *6. The Sixth Circuit dismissed the Petitioner's late-filed notice of appeal on jurisdictional grounds. Jarrod Phillips v. Rusty Washburn, Warden, No. 18-5829, 2018 WL 5879740 (6th Cir. Sept. 19, 2018). The United States Supreme Court denied the Petitioner's petition for writ of

certiorari to the Sixth Circuit Court of Appeals.  Jarrod Phillips v. Debra K. Washburn, No. 18-6938, 139 S. Ct. 1181 (Feb. 19, 2019).

On January 30, 2020, the Petitioner filed a pleading titled, "petition for post-conviction relief."  In his pleading, the Petitioner argued that due process required reopening of his petition for post-conviction relief because the "fairness safeguards" of Tennessee Code Annotated section 40-30-122 and Teague v. Lane, 489 U.S. 288 (1989) required such as Garza v. Idaho, 139 S. Ct. 738 (2019), was a new "watershed rule of criminal procedure" that held that "the presumption of prejudice recognized in Flores-Ortega applied regardless of whether a defendant has signed an appeal waiver."

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Court held that the failure to consult with a defendant about the possibility of an appeal following a guilty plea is prejudicial if there is a showing of a reasonable probability that the defendant would have wanted to appeal.  Id. at 480, 484.  The Court in Garza summarized its holding in Flores-Ortega to be "that when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed with no further showing from the defendant of the merits of his underlying claims."  Garza, 139 S. Ct. at 742 (quotation omitted).  The Garza court then clarified that the rule in Flores-Ortega applied in a situation in which a defendant told counsel that he wanted to appeal, but counsel did not file an appeal because the defendant had signed an appeal waiver when he entered his guilty plea.  Garza, 139 S. Ct. 742-43.  The Court held that "the presumption of prejudice recognized in Flores-Ortega applies regardless of whether the defendant has signed an appeal waiver."  Id. at 742, 749-50.

The Petitioner attached to his pleading a letter dated January 26, 2012, the day after he entered his guilty plea, which he claims he sent to trial counsel.  The letter reads as follows:

> Can you please file an appeal to reduce my sentence because 32 years I feel is a life sentence for me.  And due to my family's research I discovered that by the informant's deliberately eliciting information from me after meeting with detectives was a clear Sixth Amendment violation.  In the absence of an attorney.  The reason I accepted the best interest plea is because I wanted to proclaim my innocence the blood was not my type and that was not my shoe print on the scene.  Due to those issues you had told me that I could preserve and appeal a couple constitutional violations under the rules of the court.  So I really need you to file an appeal for me on these issues before the time expires!!

The post-conviction court reviewed the petition and entered an order for its summary dismissal on April 16, 2020. The court noted that a petitioner is entitled to consideration of only one post-conviction petition, and that the Petitioner had previously filed a post-conviction petition and it was resolved on the merits. The court additionally noted that the Petitioner presented no valid ground for reopening his post-conviction petition under Tennessee Code Annotated section 40-30-117 and that the Petitioner was incorrect in his assertion that the United States Supreme Court's decision in Garza, 139 S. Ct. 738, "established a new 'watershed rule of criminal procedure.'" The court elaborated that "Garza established no new constitutional right, but instead applied legal principles set forth in Roe v. Flores-Ortega, 528 U.S.470 (2000), which were well established at the time of [the] Petitioner's conviction."

The Petitioner filed a notice of appeal under Rule 3 of the Tennessee Rules of Appellate Procedure within thirty days from the date the post-conviction court entered its judgment.

## ANALYSIS

The Petitioner argues that the post-conviction court erred in summarily dismissing his petition,[1] asserting that his claim was based on a recent decision of the United States Supreme Court that established a new rule of constitutional law which should apply retroactively to his guilty plea conviction. The Petitioner, however, failed to follow the proper procedure for discretionary review of the post-conviction court's decision, and we dismiss for lack of jurisdiction.

The Petitioner sought an appeal as of right under Rule 3(b) of Tennessee Rules of Appellate Procedure, but a petitioner has no appeal as of right from a lower court's denial of a motion to reopen a post-conviction petition. Tenn. R. App. P. 3; Charles W. Elsea, Jr. v. State, No. E2012-01661-CCA-R3-PC, 2013 WL 1279178, at *2 (Tenn. Crim. App. Mar. 28, 2013), perm. app. denied (Tenn. July 10, 2013); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. app. denied (Tenn. Apr. 14, 2008). Appeals from a post-conviction court's denial of a motion to reopen a post-conviction petition are governed by statute, Tennessee Code Annotated section 40-30-117(c), and Rule 28 of the Rules of the Tennessee Supreme Court.

Section 40-30-117(c) provides:

---

[1]Although the Petitioner titled his pleading "petition for post-conviction relief," his argument indicated that it was a motion to reopen his petition for post-conviction relief, and the post-conviction court treated it as such.

- 4 -

If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have thirty (30) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Id.; see Tenn. R. Sup. Ct. 28, § 10(B) ("A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals. . . .")

However, our supreme court has determined that a notice of appeal may be construed as an application for permission to appeal a denial of a motion to reopen a petition for post-conviction relief if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." See Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002). The court noted that "[i]n general, the contents of an application for appeal must include (1) the date and judgment from which the petitioner seeks review, (2) the issue which the petitioner seeks to raise, and (3) the reasons why the appellate court should grant review." Id.

Here, the Petitioner's notice of appeal does not contain sufficient substance. His notice of appeal states in full:

The Appellant-Jarrod Phillips #439804 brings this notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Honorable Judge Jennifer L. Smith in the Division IV Criminal Court denied post-conviction relief on April 16, 2020. And due to the institutional spread of the coronavirus pandemic there is no notary public available for this document to be notarized.

The Petitioner's notice fails to state the issue sought to raise or the reasons why the case is suitable for appellate review. In addition, the Petitioner did not attach the required documents to the filing. The notice of appeal filed by the Petitioner does not substantially comply with the procedural requirements set out in the statute and corresponding rule, and is insufficient to vest this court with jurisdiction.

- 5 -

## CONCLUSION

Because the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition, we lack jurisdiction in this case.  Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE