IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 4, 2024 Session

**STEVEN SKINNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 00-05699, 00-05700   Paula L. Skahan, Judge**

_____

**No. W2023-01464-CCA-R3-ECN**

_____

Petitioner, Steven Skinner, appeals the Shelby County Criminal Court's summary dismissal of his fourth untimely petition for writ of error coram nobis and his motion to reopen post-conviction proceedings.  He argues on appeal that the post-conviction court erred in summarily dismissing the petition because he presented newly discovered evidence in support of actual innocence; therefore, the statute of limitations should be tolled.  Alternatively, he argues that the lower court improperly denied his motion to reopen post-conviction proceedings.  After review, we affirm the summary dismissal of the coram nobis petition and conclude that we are without jurisdiction to consider the propriety of the denial of the motion to reopen and dismiss the appeal in that respect.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Appeal Dismissed in Part**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which KYLE A. HIXSON and MATTHEW J. WILSON, JJ., joined.

Terrell L. Tooten, Memphis, Tennessee, for the appellant, Steven Skinner.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

A Shelby County jury convicted Petitioner in 2005 of two counts of first degree premeditated murder, and he received consecutive life sentences without the possibility of parole. *State v. Skinner*, No. W2003-00887-CCA-R3-CD, 2005 WL 468322, at *1 (Tenn. Crim. App. Feb. 28, 2005) ("*Skinner I*"), *perm. app. denied* (Tenn. June 27, 2005). Petitioner subsequently sought post-conviction relief, which was denied; we affirmed the denial. *Skinner v. State*, No. W2009-00307-CCA-R3-PC, 2010 WL 4188314 (Tenn. Crim. App. Oct. 22, 2010) ("*Skinner II*"), *perm. app. dismissed* (Tenn. Feb. 8, 2011). Petitioner next sought federal habeas corpus relief, which was denied. *Skinner v. Johnson*, No. 11-02112 (W.D. Tenn. Aug. 6, 2014) (order) ("*Skinner III*").

Petitioner then made an Open Records Request with the Shelby County District Attorney General's Office. After he received responsive materials, he sought his first untimely petition for writ of error coram nobis. *Skinner v. State*, No. W2017-01797-CCA-R3-ECN, 2018 WL 3430339, at *1 (Tenn. Crim. App. July 16, 2018) ("*Skinner IV*"), *perm. app. denied* (Tenn. Nov. 16, 2018). Petitioner acknowledged that the petition was untimely but argued for tolling of the statute of limitations. *Id.* The coram nobis court summarily dismissed the petition and we affirmed. *Id.*

Petitioner filed a second untimely coram nobis petition in which he sought to establish whether the open records documents had been disclosed, were available to trial counsel, or were in trial counsel's possession. *Skinner v. State*, No. W2020-00385-CCA-R3-ECN, 2021 WL 1157849, at *3 (Tenn. Crim. App. Mar. 25, 2021) ("*Skinner V*"), *no perm. app. filed*. The coram nobis court summarily dismissed the petition and we affirmed because Petitioner did not provide an affidavit from trial counsel and could have obtained one with due diligence. *Id.* at *7.

In Petitioner's third untimely petition for writ of error coram nobis, he alleged that he had newly discovered evidence in a statement and two affidavits that established his innocence. *Skinner v. State*, No. W2022-00563-CCA-R3-ECN, 2023 WL 1960866, at *9 (Tenn. Crim. App. Feb. 10. 2023) ("*Skinner VI*"), *perm. app. denied* (Tenn. Apr. 23, 2023). Again, the coram nobis court summarily dismissed the petition and we affirmed. *Id.* at *10. We noted that the petition was untimely, equitable tolling was unwarranted, and Petitioner would have lost on the merits. *Id.* at *9-13.

Petitioner filed the present coram nobis petition, his fourth, on September 13, 2022. He argued that a September 2021 letter from trial counsel qualified as newly discovered evidence. Petitioner also filed a "Supplemental Motion for New Post-Conviction" based on the same claim. The coram nobis court summarily dismissed the coram nobis petition and the motion to reopen. The coram nobis court found that Petitioner's claims had been previously raised in the prior state and federal proceedings and that he was not entitled to relitigate them. The court found that Petitioner could have presented his alleged new

- 2 -

evidence in prior proceedings and that due process tolling of the statute of limitations was unwarranted on either the coram nobis petition or the motion to reopen.

Petitioner timely filed a pro se notice of appeal. Petitioner later filed through counsel an amended notice of appeal seeking consolidation of the denial of coram nobis relief and denial of the motion to reopen post-conviction proceedings. We granted Petitioner's motion to consolidate.

*Analysis*

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). "It may be granted only when the coram nobis petition is in writing, describes 'with particularity' the substance of the alleged newly discovered evidence, and demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *Payne v. State*, 493 S.W.3d 478, 484-85 (Tenn. 2016)).

"In order to qualify as newly discovered evidence, 'the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible.'" *Id*. (quoting *Payne*, 493 S.W.3d at 484-85). Coram nobis relief is only available "[u]pon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time." T.C.A. § 40-26-105(b). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id*. at 526.

The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *State v. Hall*, 461 S.W.3d 469, 496 (Tenn. 2015). If a petition for coram nobis relief is granted, the judgment of conviction will be set aside and a new trial will be granted. *Payne*, 493 S.W.3d at 485. "[C]oram nobis petitions with inadequate allegations are susceptible to summary dismissal on the face of the petition, without discovery or an evidentiary hearing." *Nunley*, 552 S.W.3d at 831.

In addition to the requirements regarding specificity, petitions for writ of error coram nobis are subject to a one-year statute of limitations. T.C.A. § 27-7-103. For the

- 3 -

purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670.

Due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. *Workman v. State*, 41 S.W.3d 100, 101-102 (Tenn. 2001). "[T]he coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the petitioner is actually innocent of the underlying crime of which he was convicted." *Clardy v. State*, 691 S.W.3d 390, 407 (Tenn. 2024). The petition must establish on its face either the timeliness of the petition or must "set forth with particularity facts demonstrating that the prisoner is entitled to equitable tolling of the statute of limitations." *Nunley*, 552 S.W.3d at 829.

Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010).

The coram nobis court properly summarily dismissed the present coram nobis petition because due process tolling is unwarranted—the allegations contained therein, even taken as true, are not newly discovered evidence. Rather, as the coram nobis court found, and Petitioner admits on appeal, his present claims are "on the same issue: whether his trial counsel had material documents and evidence that [were] never used or relied upon in [Petitioner's] trial or his later post-conviction." This was precisely the issue in *Skinner V*. "At the time he filed his original coram nobis petition, . . . Petitioner could, through the exercise of diligence, have consulted trial counsel regarding the availability of the [open records request] documents at trial." *Skinner V*, 2021 WL 1157849, at *7 (citing *Barnett v. State*, No. E2014-02396-CCA-R3-ECN, 2015 WL 5601537, at *3 (Tenn. Crim. App. Sept. 23, 2015) (denying relief to a petitioner when she had previously sought coram nobis relief on the same grounds and merely appended a new affidavit, which she could have obtained with diligence, to the new petition), *perm. app. denied* (Tenn. Jan. 21, 2016)). Petitioner's repackaging his claim is insufficient to qualify as newly discovered evidence. The coram nobis court properly summarily dismissed the present coram nobis petition, and Petitioner is not entitled to relief.

To the extent that Petitioner argues that the post-conviction court erred in denying his motion to reopen post-conviction proceedings, we lack jurisdiction to consider this matter. "A petitioner shall have thirty (30) days" after a trial court denies a motion to reopen post-conviction proceedings "to file an application in the court of criminal appeals

seeking permission to appeal." T.C.A. § 40-30-117(c). A petitioner must comply with this statute to obtain appellate review, and failure to do so deprives this Court of jurisdiction to consider the question. *Kelly v. State*, No. W2008-02236-CCA-R3-PC, 2009 WL 1643436, at *2 (Tenn. Crim. App. June 12, 2009), *no perm. app. filed*. Petitioner did not file an application for permission to appeal here; rather, he filed a notice of appeal under Tennessee Rule of Appellate Procedure 3. Neither his pro se nor amended notices of appeal contain sufficient substance to consider them as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002) (treating a notice of appeal from denial of a motion to reopen as an application for permission to appeal because it contained "sufficient substance" to do so). We therefore lack jurisdiction to consider the denial of Petitioner's motion to reopen and dismiss the appeal in that respect.

*Conclusion*

For the foregoing reasons, we affirm the judgment of the coram nobis court.

_____
TIMOTHY L. EASTER, JUDGE