IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2025

**MARIO PERKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-19188  Chris Craft, Judge**

_____

**No. W2024-01743-CCA-R3-PC**

_____

Mario Perkins, Petitioner, appeals from the trial court's denial of a motion to reopen his post-conviction proceeding because the "grounds alleged in the petition do not satisfy any of the criteria set out in Tenn[essee] Code Ann[otated section] 40-30-117 as ground to reopen, and have clearly been raised outside the statute of limitation[s]. . . ." Because the notice of appeal in this case fails to satisfy the requirements for an application for permission to appeal pursuant to Tennessee Code Annotated section 40-30-117(c), we lack jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER P.J., and JOHN W. CAMPBELL, SR., J., joined.

Mario Perkins, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was charged with aggravated robbery and first degree murder. *Perkins v. State*, No. 02C01-9805-CR-00127, 1999 WL 412720, at *1 (Tenn. Crim. App. June 18, 1999), *perm. app denied* (Tenn. Nov. 9, 1999). He pled guilty to aggravated robbery and second degree murder in 1996. *Id.* Petitioner was sentenced as a Range I, standard offender to eight years for aggravated robbery and as a Range III, persistent offender to forty-five years for second degree murder. The sentences were ordered to run concurrently. *Id.* In 1999, an amended judgment was filed, ordering Petitioner to serve 100% of his

second degree murder sentence. *State v. Perkins*, No. W2017-01941-CCA-R3-CD, 2018 WL 2688120, at *1 (Tenn. Crim. App. June 4, 2018), *no perm. app. filed*.

Petitioner sought post-conviction relief on the basis that his guilty plea was unknowing and involuntary and ineffective assistance of counsel. *Perkins*, 1999 WL 412720, at *1. He was unsuccessful. *Id.* Petitioner also unsuccessfully sought habeas relief. *Perkins v. Lindamood*, No. M2007-00698-CCA-R3-HC, 2007 WL 4548100 (Tenn. Crim. App. Dec. 19, 2007), *no perm. app. filed*. Still not satisfied, Petitioner sought to withdraw his guilty plea and correct an allegedly illegal sentence. *Perkins*, 2018 SL 2688120, at *1. He was unsuccessful yet again. *Id.*

In late 2024, Petitioner filed a motion to reopen the post-conviction proceedings, arguing that he was entitled to relief under *State v. Booker*, 656 S.W.3d 49 (Tenn. 2022), and that his sentence was cruel and unusual punishment based on his youth at the time of sentencing. Petitioner also argued that he received a disproportionate sentence. The post-conviction court denied the motion because the motion was untimely and because Petitioner's claim did not fall within the relief granted by *Booker* because Petitioner pled guilty to second degree murder, not first degree murder.

Petitioner appealed.

*Analysis*

On appeal, Petitioner submits that the post-conviction court erred in denying his motion to reopen his prior post-conviction petition. Specifically, the Petitioner argues that "the trial court abused its discretion by relying on prior post-conviction filed and proceedings that predated or were irrelevant to the newly established constitutional rule set forth in *Booker*." He complains that the trial court amended his judgment in 1999 without a hearing and failed to consider certain mitigating factors in sentencing. The State responds that the post-conviction court did not abuse its discretion by denying the Petitioner's motion to reopen, his claims are not proper for a motion to reopen, and any claim under *Booker* is barred by the statute of limitations and/or not applicable because Petitioner was not convicted of first degree murder. The State also argues that the denial of a motion to reopen a post-conviction petition is not appealable under Tennessee Rule of Appellate Procedure 3. In the end, we partially agree with the State for the reasons set forth below.

A motion to reopen post-conviction proceedings is only cognizable if the motion asserts one of the following narrow claims for relief: (1) the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial; (2) the claim is based upon new scientific evidence that establishes the petitioner is actually innocent; or (3) the claim is based upon a sentence that

was enhanced due to a previous conviction which was later found to be invalid. T.C.A. § 40-30-117(a); *see Keen v. State*, 398 S.W.3d 594, 607 (Tenn. 2012). Additionally, the motion must assert facts underlying the claim which, "if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." T.C.A. § 40-30-117(a)(4). Taking the petitioner's factual allegations as true, the post-conviction court shall deny the motion if it fails to meet the requirements listed in subsection (a). *Id.* § -117(b). If the post-conviction court grants the motion to reopen, "the procedure, relief and appellate provisions" of the Post-Conviction Procedure Act apply. *Id.* On appeal from a denial of a motion to reopen, this Court shall not grant the application unless it appears that the post-conviction court abused its discretion in denying the motion. *Id.* § -117(c).

A post-conviction court's denial of a motion to reopen a post-conviction petition does not afford a petitioner an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b), but rather, such denial may be challenged on appeal only by the filing of an application for permission to appeal in this Court no later than thirty days after the denial by the post-conviction court. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). "The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." T.C.A. § 40-30-117(c); *see* Tenn. Sup. Ct. R. 28, § 10(B). Thus, Tennessee Code Annotated section 40-30-117(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application. *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002).

"In general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Id.* at 691. Whether a pleading entitled "notice of appeal" satisfies the requirements of an application for permission to appeal is a matter of substance over form. *Id.* ("[T]he label [on the pleading] is not dispositive of whether this Court may nonetheless treat the filing as an application for permission to appeal."). That being said, we may not suspend the statutory requirements. *Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007). The failure of a petitioner to comply with the statutory requirements governing review of a denial of a motion to reopen deprives this court of jurisdiction to entertain such matter. *Id.*

Here, Petitioner filed a "T.R.A.P. 4" notice of appeal with this Court on November 21, 2024. Petitioner stated therein that he was appealing the post-conviction court's November 8, 2024 order denying his motion to reopen his post-conviction petition. While the notice in this case was timely and provided the entry date and judgment from which Petitioner sought review, we cannot say that it "contained sufficient substance that it may

be effectively treated as an application for permission to appeal." *Graham*, 90 S.W.3d at 691. It failed to state the issues for review and failed to explain why this Court should grant review. *See id.* Moreover, the notice was not accompanied by the required documents. *See* T.C.A. § 40-30-117(c). Consequently, the notice of appeal in this case fails to satisfy the requirements for an application for permission to appeal, and we lack jurisdiction to consider the appeal. *See, e.g., Pepper v. State*, No. M2023-00785-CCA-R3-PC, 2025 WL 226793, at *7 (Tenn. Crim. App. Jan. 17, 2025), *perm. app. denied* (Tenn. June 23, 2025); *Simmons v. Lee*, No. M2018-00150-CCA-R3-PC, 2018 WL 4771122, at *3 (Tenn. Crim. App. Oct. 2, 2018). Accordingly, the appeal is dismissed.


*S/Timothy L. Easter*
TIMOTHY L. EASTER, JUDGE

- 4 -