FILED

03/22/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville January 18, 2017

**STATE OF TENNESSEE v. TONY WOLFE**

**Appeal from the Criminal Court for Shelby County**
**No. 05-00559      J. Robert Carter, Jr., Judge**

_____

**No. W2016-00903-CCA-R3-PC**

_____

The Petitioner, Tony Wolfe, appeals from the Shelby County Criminal Court's denial of his motion to reopen his post-conviction petition on the basis of newly discovered scientific mental health evidence. He contends that the post-conviction court erred in denying his motion without conducting a hearing on the merits. Because the Petitioner has no appeal as of right from the denial of a motion to reopen and did not follow the procedure required for seeking permission to appeal, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Kyle Mothershead, Nashville, Tennessee, for the appellant, Tony Wolfe.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy Weirich, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted of first degree premeditated murder. *See State v. Tony Wolfe*, No. W2008-01243-CCA-R3-CD, 2009 WL 1025871 (Tenn. Crim. App. Apr. 8, 2009) (*Wolfe I*), *perm. app. denied* (Tenn. Sept. 28, 2009). His petition for post-conviction relief alleged that he received the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed its judgment. *Tony Wolfe v. State* (*Wolfe II*), No. W2012-00611-CCA-R3-PC, 2013 WL 5488574, at *1, 8 (Tenn. Crim. App. Sept. 30, 2013), *perm. app. denied* (Tenn. Feb. 11, 2014). The Tennessee Supreme Court denied the Petitioner's application for permission to appeal on February 11, 2014. *Id.*

On March 2, 2016, the Petitioner filed his motion to reopen the post-conviction matter, alleging "newly discovered scientific mental health evidence" related to his diagnosis of post-traumatic stress disorder (PTSD). He alleged that he first received the diagnosis following a December 9, 2014 evaluation at the Tennessee Department of Correction (TDOC) Deberry Special Needs Facility and that the diagnosis was again provided in a February 2016 report from Dr. Pamela Auble, both of which occurred after the supreme court denied review of his post-conviction appeal. The Petitioner acknowledged that he had raised the claim in his previous post-conviction petition but that he had been unable to prove prejudice because post-conviction counsel did not have him evaluated by a forensic psychologist before the post-conviction hearing. He claimed that evidence of PTSD could have been used at his trial to negate the premeditation element of first-degree murder. He attached Dr. Auble's report and additional TDOC mental health records in support of his allegations.

The post-conviction court found that mental health evaluations and a PTSD diagnosis were not "newly discovered type of evidence or newly arising science" and that even if the allegations were viewed in the light most favorable to the Petitioner, they did not establish the Petitioner's actual innocence of the offense because the 2016 psychologist's report opined that the Petitioner actions could have been the "product of excitement and passion." The court concluded that for these reasons, Tennessee Code Annotated section 40-30-117(a), pertaining to the limited situations in which a petitioner may reopen his petition for post-conviction relief, did not apply. The court denied relief on this basis. This appeal followed.

The Petitioner contends that the post-conviction court erred in summarily denying his motion to reopen. The State counters that the Petitioner's appeal is improper because no appeal as of right exists from the denial of a motion to reopen a post-conviction petition and that he failed to follow the statutory procedure for seeking permission to appeal to this court. The State contends that, in any event, the Petitioner's allegations that he was suffering from PTSD failed to demonstrate actual innocence. In his reply brief, the Petitioner acknowledges his error in failing to seek permission to appeal but asks this court to consider the merits of his appeal in the interests of justice.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). After a post-conviction petition has been adjudicated,

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(b) The motion must set out the factual basis underlying its claims and must be supported by affidavit. The factual information set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence. The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a). If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.

(c) If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have thirty (30) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall

remand the matter to the trial court for further proceedings.

T.C.A. § 40-30-117(a)-(c) (2012). Tennessee Supreme Court Rule 28, section 10(B) states, in pertinent part:

A petitioner whose motion to reopen [a post-conviction petition] is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals. The state shall have thirty (30) days to respond. The Court of Criminal Appeals may allow the parties to file additional briefs, argue the case, or both. In the event the Court of Criminal Appeals finds that the trial court abused its discretion by denying the motion to reopen, the court shall, by order, remand the case to the trial court for further proceedings.

The record of the appeal and the records maintained by the clerk of this court fail to reflect that the Petitioner followed the procedure prescribed by Code section 40-30-117(c) and Tennessee Supreme Court Rule 28, section 10(B) relative to seeking permission to appeal. The notice of appeal was filed incorrectly in the post-conviction court and states that the Petitioner "is exercising his appeal as of right" from the court's order denying the motion to reopen. It does not state the reasons why review should be granted. The documents filed by the parties and the order of the post-conviction court denying the motion to reopen were not attached. Because the proper application was not filed, the State was not afforded the opportunity to respond as provided by the statute. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B).

On occasion, our supreme court has excused a petitioner's failure to follow the proper procedure where the notice of appeal "contained sufficient substance and information to constitute a proper application for permission to appeal with sufficient documentation to represent substantial compliance with" the statute. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). As a general proposition, an application for permission to appeal must include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Id.* at 691 (citing T.R.A.P. 9(d), 10(c), 11(b)). The Petitioner's notice of appeal, however, falls short of providing sufficient substance to provide substantial compliance with Code section 40-30-117(c). *See, e.g., Cameron Winselle v. State*, No. W2013-01491-CCA-R3-PC, 2014 WL 17671100 (Tenn. Crim. App. Apr. 29, 2014) (concluding that the appellate court lacked jurisdiction and dismissing the petitioner's appeal because the "notice of appeal" did not contain sufficient substance in that it did not state the issue for review and the reasons why review should be granted), *perm. app. denied* (Tenn. Sept. 18, 2014); *Floyd Lee Perry,*

*Jr. v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *4 (Tenn. Crim. App. Apr. 7, 2014) ("The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this court of jurisdiction to entertain such matter.") (citing *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008)), *perm. app. denied* (Tenn. Sept. 18, 2014). The Petitioner's purported notice of appeal states that "he is exercising his appeal as of right as to the Court's April 6, 2016 Order denying Mr. Wolfe's Motion to Reopen Petition for Post-Conviction Relief." The document was filed in the post-conviction court but not in this court.

In his reply brief, the Petitioner urges this court to consider his improperly filed appeal in the interests of justice. He cites *Dennis Cedric Woodard, Jr. v. State*, No. M2013-01857-CCA-R3-PC, 2014 WL 4536641 (Tenn. Crim. App. Sept. 15, 2014), and *Andrew Ewing v. State* (*Ewing II*), No. W2008-01605-CCA-R3-PC, 2009 WL 2868747 (Tenn. Crim. App. Sept. 4, 2009), to support his argument. *Dennis Cedric Woodard, Jr.* involved an appeal from a "petition for post-conviction relief and/or petition for writ of error coram nobis" that was filed outside the statute of limitations. *Dennis Cedric Woodard, Jr.*, 2014 WL 4536641, at *1. The issue in that case was whether the post-conviction court should have considered the petition even though it was not filed in a timely manner and, as such, this case is not instructive.

*Ewing II* involved a motion to reopen a post-conviction petition. Previously, the original post-conviction petition had been dismissed as having been untimely filed, and the dismissal had been affirmed on appeal. *See Ewing II*, 2009 WL 2868747, at *1 (appeal from denial of motion to reopen); *see also Andrew Ewing v. State* (*Ewing I*), No. W2004-03007-CCA-R3-PC, 2006 WL 1440474 (Tenn. Crim. App. May 24, 2006) (mem.) (appeal from dismissal of post-conviction petition), *perm. app. denied* (Tenn. Oct. 30, 2006). After the post-conviction court denied the motion to reopen, the petitioner attempted to appeal, but he failed to take action within the time period allowed by the statute and the supreme court rule. This court concluded that because the petitioner failed to act in a timely manner and because he was "trying to utilize a motion to reopen as a vehicle to argue the claims which were presented in his untimely petition for post-conviction relief, . . . the interests of justice do not require that we waive the untimely appeal of his motion to reopen." *See Ewing II,* 2009 WL 2868747, at *2.

Like the petitioner in *Ewing II*, the Petitioner in the present case is attempting to relitigate his petition for post-conviction relief through a motion to reopen. In the motion, the Petitioner stated that his post-conviction petition had alleged that his trial counsel had been ineffective because counsel did not obtain a forensic psychological evaluation of the Petitioner in order to present mental health evidence at the trial. The Petitioner also stated in his motion to reopen that his post-conviction counsel failed to

obtain a forensic psychological evaluation of the Petitioner, that the post-conviction court found that the Petitioner failed to prove prejudice and therefore could not prevail on this ineffective assistance of counsel claim, and that post-conviction counsel did not challenge the post-conviction court's ruling in this regard on appeal. The heart of the Petitioner's claim – that the recent psychological reports would have had an effect if they had been presented at the trial – is but a belated attempt to rely on a different strategy than the one which proved unsuccessful at his trial and is based upon evidence that was discoverable before the trial. S*ee Harris v. State*, 301 S.W.3d 141, 161 (Tenn. 2010) (Koch and Clark, JJ., concurring) (stating, in the context of an appeal from the dismissal of a petition for the writ of error coram nobis on the basis of alleged newly discovered evidence, that "a decision by a petitioner to change defense strategy following an unfavorable verdict and to belatedly rely on evidence that was known or discoverable at or before the trial does not render the evidence newly discovered").

Although not addressed by the parties or the post-conviction court, we note an additional defect relative to the Petitioner's filings. The motion to reopen is not supported by an affidavit supporting its factual allegations, as is required by Tennessee Code Annotated section 40-30-117(b). The statute requires that the affidavit contain "information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence." *See* T.C.A. § 40-30-117(b). The statute also prescribes, "The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a) [pertaining to the grounds for motion to reopen, including newly discovered evidence]." *See id.* The Petitioner's failure to include such an affidavit with his motion provided an additional basis upon which the post-conviction court could have denied relief. For this reason, as well, we are not compelled by the interests of justice to consider the merits of the Petitioner's improperly filed appeal.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE