IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2018

**STATE OF TENNESSEE v. MACK TRANSOU**

**Appeal from the Circuit Court for Madison County
No. C-18-89  Roy B. Morgan, Jr., Judge**

_____

**No. W2018-01009-CCA-R3-CD**

_____

Defendant, Mack Transou, seeks appellate review of his motion to reopen his post-conviction petition, which has its origin in the rapes he committed over seventeen years ago.  After a review of the filings in this case, we conclude that Defendant failed to meet the procedural requirements for seeking review of the dismissal of his motion and that Defendant's claims are devoid of merit and frivolous.  Therefore, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Mack Transou, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant has tried on numerous occasions and has never succeeded in obtaining relief on the same issue he presents in this appeal.  *See State v. Mack T. Transou* (*Transou I*), No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1 (Tenn. Crim. App. May 13, 2005) (holding that sufficient evidence supported Defendant's convictions for rape and aggravated burglary, that the DNA evidence was properly admitted, and that Defendant was properly sentenced to an effective sentence of sixteen years), *aff'd sub nom. State v. Scarborough*, 201 S.W.3d 607 (Tenn. 2006); *Mack Transou v. State* (*Transou II*), No. W2005-01935-CCA-R3-HC, 2006 WL 561401, at *1 (Tenn. Crim.

App. Mar. 7, 2006) (holding that Defendant failed to comply with the procedural requirements for filing a petition for habeas corpus relief and that Defendant failed to allege a ground that would render the judgment void), *perm. app. denied* (Tenn. May 30, 2006); *Mack Transou v. State* (*Transou III*), No. W2008-02713-CCA-R3-HC, 2009 WL 1956826, at *2-3 (Tenn. Crim. App. July 9, 2009) (holding that Defendant failed to comply with the procedural requirements for habeas corpus relief and that Defendant's DNA collection issue had been previously adjudicated), *perm. app. denied* (Tenn. Oct. 26, 2009); *Mack Transou v. State* (*Transou IV*), No. W2010-01313-CCA-R3-PC, 2011 WL 1220398, at *1 (Tenn. Crim. App. Mar. 31, 2011) (dismissing the appeal because Defendant failed to comply with the procedural requirements for review of dismissal of a motion to reopen a post-conviction petition and noting that Defendant was attempting to relitigate previously determined issues), *perm. app. denied* (Tenn. July 15, 2011); *Mack Transou v. State* (*Transou V*), No. W2010-01378-CCA-R3-CO, 2011 WL 2176524, at *4 (Tenn. Crim. App. June 1, 2011) (holding that the trial court properly dismissed Defendant's petition for writ of certiorari and noting that Defendant was attempting to relitigate previously determined issues), *perm. app. denied* (Tenn. Aug. 25, 2011); *Mack T. Transou v. State* (*Transou VI*), No. M2010-00652-COA-R3-CV, 2011 WL 6812914, at *1 (Tenn. Ct. App. Dec. 21, 2011) (holding that Defendant's civil suit alleging that his civil rights were violated by the imposition of an illegal sentence was time barred), *no perm. app. filed*; *Mack Transou v. Dwight Barbee, Warden* (*Transou VII*), No.W2012-00258-CCA-R3-HC, 2012 WL 1813115, at *3 (Tenn. Crim. App. May 17, 2012) (holding that Defendant failed to comply with the procedural requirements for habeas corpus relief and that Defendant failed to establish that he is entitled to relief), *perm. app. denied* (Tenn. Sept. 19, 2012); *Mark Transou v. Jerry Lester, Warden* (*Transou VIII*), No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *5 (Tenn. Crim. App. Oct. 21, 2013) (holding that Defendant failed to comply with the procedural requirements for habeas corpus relief and that Defendant failed to establish his entitlement to relief on the issue), *perm. app. denied* (Tenn. Jan. 14, 2014); *Mack Transou v. State* (*Transou IX*), No. W2014-00537-CCA-R3-ECN, 2014 WL 7015747, at *1-2 (Tenn. Crim. App. Dec. 12, 2014) (denying error coram nobis relief and holding that Defendant's "repackaged claims" had been previously determined), *no perm. app. filed*; *Mack Transou v. Blair Leiback, Warden* (*Transou X*), No. M2016-01147-CCA-R3-HC, 2017 WL 2495246, at *1 (Tenn. Crim. App. June 9, 2017) (concluding that Defendant is collaterally estopped from challenging the validity of his blood draw and that none of Defendant's other claims presented a cognizable claim for habeas corpus relief), *no perm. app. filed*; *State v. Mack Transou* (*Transou XI*), No. W2018-00157-CCA-R3-CD, 2018 WL 4043395, at *2 (Tenn. Crim. App. Aug. 24, 2018) (holding that Defendant's claims had been previously litigated and that Defendant did not establish that a clerical error existed for the purposes of Tennessee Rule of Criminal Procedure 36), *perm. app. denied* (Tenn. Nov. 15, 2018). Defendant also had an opportunity before our supreme court. *See Scarborough*, 201 S.W.3d at 611 (affirming *Transou I* in a consolidated appeal and determining that

Defendant consented to having his blood drawn, that sufficient evidence supported his convictions, and that his sentences were valid).

On April 30, 2018, Defendant filed a document with the trial court titled "Motion for Relief from Judgement Pursuant to Tennessee Rules of Civil Procedure Rule 60.02(1)(2)(3) State Court Judgements [sic] are Void and Illegal upon the Evidence Seized and Used at Trial." The trial court determined that the motion could not be treated as a petition for writ of error coram nobis and that the motion could not be treated as a petition for writ of habeas corpus. So, the trial court considered the motion as a motion to reopen post-conviction proceedings under Tennessee Code Annotated section 40-30-117. Defendant's original post-conviction petition was dismissed because Defendant attempted to relitigate the admissibility of the DNA evidence linking Defendant to the crimes and because post-conviction proceedings were not the appropriate avenue for challenging the calculation of pretrial jail credits. *See Transou IV*, 2011 WL 1220398, at *1. It does not appear that Defendant filed a direct appeal of the post-conviction court's order of dismissal. *Id.* The trial court dismissed the present motion because no applicable new constitutional right had been established that was not recognized at the time of trial, no new scientific evidence had been discovered, and none of Defendant's previous convictions had been held invalid. Defendant filed a document titled "Notice of Appeal by an [sic] Poor Person" pursuant to Tennessee Rule of Appellate Procedure 3 with this Court on June 1, 2018.

In *Carlos Rice v. State*, this Court succinctly described the procedural requirements for appealing a denial of a motion to reopen post-conviction proceedings:

> An appeal from a trial court's denial of a motion to reopen post-conviction proceedings is discretionary and not as of right. T.C.A. § 40-30-117(c) (2012). To seek review of a trial court's denial of a motion to reopen, a petitioner shall file, within thirty days of the lower court's ruling, "an application in the court of criminal appeals seeking permission to appeal." T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B) ("A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals."). The application for permission to appeal "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). In order for a pleading entitled "notice of appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks

to raise, and the reasons why the appellate court should grant review."
*Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

No. W2013-00681-CCA-R3-PC, 2014 WL 1258845, at *2 (Tenn. Crim. App. Mar. 26, 2014) (citing T.C.A. § 40-30-117(c)) (footnote omitted), *no perm. app. filed*. "The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter." *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007) (citing *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App. Mar. 23, 2000), *perm. app. denied* (Tenn. Oct. 16, 2000)), *perm. app. denied* (Tenn. Apr. 14, 2008).

Here, Defendant failed to meet the procedural requirements for filing an application seeking permission to appeal from this Court. The initiating document filed with this Court did not include the issue that Defendant seeks to raise, the reasons why this Court should grant review, or copies of all the documents filed by both parties in the trial court. Defendant merely filed a notice of appeal and attached the order of the trial court from which he seeks appellate review. Because Defendant failed to meet the procedural requirements, we must dismiss the appeal for lack of jurisdiction.

Furthermore, we note that the issues raised in Defendant's appellate brief are meritless and frivolous. Tennessee Code Annotated section 40-30-117 allows post-conviction proceedings to be reopened in specific limited circumstances, none of which are satisfied by Defendant. Defendant has not argued that new scientific evidence proves his innocence or that a conviction used to enhance his sentence has been rendered invalid. *See* T.C.A. § 40-30-117(a)(2), (3). The only argument that Defendant makes that even comes close to meeting one of the limited circumstances is his reliance on the United States Supreme Court's decision *Miller v. Alabama*, 567 U.S. 460 (2012). However, that argument is completely devoid of merit. In *Miller*, the United States Supreme Court determined that a sentence of life imprisonment without parole ran afoul of the Eighth Amendment's prohibition on cruel and unusual punishment for a person under the age of eighteen at the time of their crimes. 567 U.S. at 465. Defendant did not file his motion within one year of the *Miller* decision, Defendant was not under the age of eighteen at the time that he committed his crimes, and Defendant did not receive a sentence of life without parole. *See* T.C.A. § 40-30-117(a)(1). Therefore, even if the procedural shortcomings were set aside, Defendant has not established the criteria for his post-conviction proceedings to be reopened.

In his appellate brief, Defendant also attempts to relitigate issues pertaining to the DNA evidence linking him to the crimes. Though it has been written by this Court on multiple occasions, we will repeat, yet again, that the admissibility of the DNA evidence

linking Defendant to the crimes has been previously determined. *See Scarborough*, 201 S.W.3d at 611; *Transou III*, 2009 WL 1956826 at *3; *Transou IV*, 2011 WL 1220398, at *3; *Transou V*, 2011 WL 2176524, at *4; *Transou VII*, 2012 WL 1813115, at *3; *Transou VIII*, 2013 WL 5745703, at *5; *Transou IX*, 2014 WL 7015747, at *3; *Transou X*, 2017 WL 2495246, at *3; *Transou XI*, 2018 WL 4043395, at *3.

*Conclusion*

For the aforementioned reasons, we dismiss Defendant's appeal.

_____
TIMOTHY L. EASTER, JUDGE