IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville July 23, 2024

## STATE OF TENNESSEE v. ALEJANDRO AVILA-SALAZAR

**Appeal from the Criminal Court for Davidson County**
**No. 2005-A-32      Cynthia Chappell, Judge**

_____

### No. M2023-01649-CCA-R3-CD

_____

In 2006, the Defendant, Alejandro Avila-Salazar, pled guilty to second degree murder and attempted aggravated rape. Seventeen years later, he filed a motion to withdraw his guilty plea or, alternatively, to modify his sentences. The trial court denied the motion, finding it to be untimely. On appeal, the Defendant raises different issues. He argues that an amended judgment for his attempted aggravated rape conviction is improper because the sentence is expired. He also asserts that his conviction for second degree murder is invalid because it violated the Sixth and Fourteenth Amendments to the United States Constitution. Upon our review, we conclude that the Defendant did not raise these issues in the trial court and has thus waived them on appeal. We respectfully affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and MATTHEW J. WILSON, JJ., joined.

Alejandro Avila-Salazar, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On September 6, 2006, the Defendant pled guilty to second degree murder and attempted aggravated rape. The trial court sentenced him to serve concurrent sentences of

forty years for the second degree murder conviction and twelve years for the attempted aggravated rape conviction. *See Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *1 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017). Neither of the original judgments reflected a file-stamped date.

Beginning in 2015, the Defendant filed the first of several challenges to the judgment for his attempted aggravated rape conviction. In these challenges, he generally alleged that this conviction was void because the sentence lacked the mandatory requirement of community supervision for life.[1] Ultimately, the trial court entered a corrected judgment on December 13, 2022, adding this requirement.

Six months later, in June 2023, the Defendant filed a pro se motion with four stated purposes:

1.  to take judicial notice that the original and amended judgments, as well as the plea agreement, do not have a file stamp and are therefore not "lawfully filed" pursuant to *Graham v. State*, 90 S.W.3d 687, 690 (Tenn. 2002);

2.  to initiate post-judgment proceedings pursuant to *State v. Robinette*, No. E2014-01688-CCA-R3-CD, 2015 WL 4745065 (Tenn. Crim. App. Aug. 11, 2015), after the judgments are properly file stamped;

3.  to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f); or

4.  to modify or reduce his sentence for second degree murder pursuant to Tennessee Rule of Criminal Procedure 35.

In the motion, the Defendant claimed that because the original judgments lacked a file stamp, they were "illegal, null and void on their face, and have had no legal effect whatsoever." The Defendant also asserted that because the judgments were never technically entered, he was entitled to file a motion to withdraw his guilty plea, and the trial court was obligated to vacate the guilty plea and "withdraw its acceptance of the plea."

On August 14, 2023, the trial court denied the motion. First addressing the specific requests for relief pursuant to Tennessee Rules of Criminal Procedure 32(f) and 35, the trial court found each request to be untimely. It further found that modifying the sentence

---

[1] For a complete history of the Defendant's attempts to seek post-judgment relief, please see *Avila-Salazar v. State*, No. M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *1-6 (Tenn. Crim. App. May 4, 2022), *perm. app. denied* (Tenn. Oct. 19, 2022).

pursuant to Rule 35 would not be in the interests of justice. The trial court treated the Defendant's request for post-judgment proceedings as a request for post-conviction relief. The court then dismissed this claim for relief because the Defendant alleged no grounds for reopening his prior petition.

On November 16, 2023, the Defendant filed a late notice of appeal and a request to waive the timely filing requirement due to circumstances beyond his control. *See* Tenn. R. App. P. 4(a). This court granted the motion and accepted the appeal.

## ANALYSIS

On appeal, the Defendant raises two issues. First, he asserts that the trial court improperly amended the judgment for his attempted aggravated rape conviction to add community supervision for life. He argues that this judgment was amended after the sentence expired and that the amendment was not authorized by Tennessee Rule of Criminal Procedure 36.1 or the habeas corpus statutes. Second, the Defendant argues that his conviction for second degree murder is of "no effect of law" because the original 2006 judgment lacks a clerk's file stamp. Citing only the Sixth and Fourteenth Amendments to the United States Constitution, he asks this court to reverse that conviction and grant him a new trial.

In response, the State argues that the Defendant has waived review of these arguments because they were not presented to the trial court and are argued for the first time on appeal. We agree with the State.

As an appellate court, our authority to decide cases generally extends only to those issues that have been "formulated and passed upon in some inferior tribunal." *State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022) (citation and internal quotation marks omitted). This is not a new requirement; "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." *Id.* (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983)). And indeed, "[t]his obligation to preserve issues applies to constitutional issues as well as non-constitutional ones." *State v. Vance*, 596 S.W.3d 229, 253 (Tenn. 2020).

We have recognized an important corollary to these principles. Just as a party cannot raise a new issue for the first time on appeal, the party on appeal generally may not support its claim by relying on different grounds or arguments:

> An appellant cannot raise an issue for the first time on appeal nor can they change their arguments on appeal. In other words, a party may not take one

position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason on appeal.

*State v. Hardison*, 680 S.W.3d 282, 309 (Tenn. Crim. App. 2023) (citation and internal quotation marks omitted). Of course, we must "review the record carefully to determine whether a party is raising an issue for the first time on appeal," being mindful not to "exalt form over substance." *See State v. Reynolds*, 635 S.W.3d 893, 926-27 (Tenn. 2021) (citation and internal quotation marks omitted).

The issues raised by the Defendant in this appeal were not presented to the trial court for consideration. In the lower court, the Defendant argued that he was entitled to relief pursuant to Tennessee Rules of Criminal Procedure 32(f) and 35. He has abandoned those issues in this court, and, in his brief, he does not cite those rules as grounds for relief apart from his quoting the trial court's order.

Instead, the Defendant has changed strategies and pivoted to new arguments. With respect to his sentence for his attempted aggravated rape conviction, the Defendant argued in the trial court that, because of the amendment to the judgment, the conviction should be vacated and that the case should be restored to a "pre-plea" status pursuant to Rule 32(f). On appeal, the Defendant instead argues that the amendment to the judgment should be vacated because it occurred after his sentence expired, contrary to Rule 36.1.

Similarly, with respect to his conviction for second degree murder, the Defendant argued in the trial court that, because his judgment lacked a file stamp and was a nullity, he was entitled to a sentencing modification pursuant to Rule 35. On appeal, he now argues that the conviction itself should be vacated pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. In both cases, the grounds upon which the Defendant sought relief in the trial court have been abandoned, with new grounds and arguments being advanced in this appeal.

As an intermediate appellate court, our function is principally to review and correct errors. *State v. Phifer*, No. M2013-01401-CCA-R3-CD, 2014 WL 4698499, at *16 (Tenn. Crim. App. Sept. 23, 2014), *no perm. app. filed*. In essence, the Defendant wishes to have us place the trial court in error on issues that it was never asked to consider in the first place. Because doing so would undermine the values that our issue-preservation requirements seek to preserve, *see Bristol*, 654 S.W.3d 915-26, we respectfully decline the invitation.[2] By failing "to present this argument in the trial court, the trial court did not

---

[2] At least in some cases, we could address issues under a plain error standard of review, though this authority is to be "sparingly exercised." *See State v. Bledsoe*, 226 S.W.3d 349, 354 (Tenn. 2007). We decline to do so here because the Defendant does not request plain error review. *See State v.*

4

have the opportunity to pass on it, and we will not consider it." *State v. Kennedy*, No. M2013-02207-CCA-R9-CD, 2014 WL 4953586, at *10 (Tenn. Crim. App. Oct. 3, 2014), *no perm. app. filed*. As such, the Defendant is not entitled to relief on these issues.[3]

## CONCLUSION

In summary, we hold that the Defendant has waived his issues on appeal by not first presenting them to the trial court for its consideration. We respectfully affirm the trial court's judgment.

_____
TOM GREENHOLTZ, JUDGE

---

*Funk*, No. E2022-01367-CCA-R3-CD, 2023 WL 7130289, at *3 (Tenn. Crim. App. Oct. 30, 2023), *no perm. app. filed*.

[3] Of course, newly raised issues on appeal aside, the absence of a clerk's file stamp on a judgment clearly does not invalidate a conviction or sentence. *See, e.g.*, *Armstrong v. State*, No. M2021-00264-CCA-R3-HC, 2022 WL 39512, at *2 (Tenn. Crim. App. Jan. 5, 2022) ("This court has repeatedly held that the lack of a file-stamp date does not render a judgment void or warrant habeas relief."), *no perm. app. filed*; *State v. Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017) ("Because there is no file-stamp date on his judgment form, the petitioner argues that his conviction was never filed and should be set aside. We disagree. . . . At most, this amounts to a clerical error."), *no perm. app. filed*.