IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**CRAIG EVERETTE SHEARS v. STATE OF TENNESSEE**

**Criminal Court for Knox County
No. 85297**

––––––––––––––––––––––––––––––––––––

**No. E2025-01600-CCA-MR3-PC**

––––––––––––––––––––––––––––––––––––

**ORDER**

Before the court is the pro se Petitioner's motion requesting a waiver of the timely filing of the notice of appeal in this matter. *See* Tenn. R. App. P. 4(a); *see also State v. Rockwell*, 280 S.W.3d 212 (Tenn. Crim. App. 2007). The Petitioner seeks an appeal as of right via Rule 3 of the Tennessee Rules of Appellate Procedure from the post-conviction court's August 28, 2025 order denying his motion to reopen a petition for post-conviction relief. The Petitioner asserts that he did not receive a copy of the post-conviction court's final order until September 9, 2025. Therefore, the Petitioner believed that he had until October 9, 2025, within which to file a notice of appeal.[1] The Petitioner argues that the State will not be prejudiced by the eleven-day delay in filing and that the interest of justice requires a waiver of the timely filing in this case.

On direct appeal, this court affirmed the trial court's judgments convicting the Petitioner of first degree felony murder and especially aggravated robbery and imposing an effective sentence of life imprisonment. *State v. Shears*, No. E2004-00797-CCA-R3-CD, 2005 WL 2148625 (Tenn. Crim. App. Sept. 7, 2005), *no perm. app. filed*. Thereafter, the Petitioner unsuccessfully pursued post-conviction relief, the denial of which was affirmed by this court. *Shears v. State*, No. E2008-02726-CCA-R3-PC, 2010 WL 2490769 (Tenn. Crim. App. June 21, 2010), *perm. app. denied* (Tenn. Nov. 12, 2010). The Petitioner filed a motion to reopen the post-conviction petition on June 26, 2025. The post-conviction court summarily denied relief on August 28, 2025.

At the outset, we note that "a petitioner . . . does not have an appeal as of right from a post-conviction court's denial of a motion to reopen a post-conviction petition." *Turner v. State*, No. E2016-01969-CCA-R3-PC, 2017 WL 2895938, at *2 (Tenn. Crim. App. July

–––––––––––––––––––––

[1] We note that the envelope in which the motion to waive the timely filing of the notice of appeal was submitted to the prison mailroom on October 8, 2025.

7, 2017), *perm. app. denied* (Tenn. Dec. 6, 2017). Instead, a petitioner must seek permission to appeal by filing an application for permission to appeal in this court within thirty days from the entry of the post-conviction court's order, attaching the copies of all pleadings filed in the court below along with the post-conviction court's order. Tenn. Code Ann. § 40-30-117(c); Tenn. Sup. Ct. R. 28 § 10(B). We acknowledge that this court may grant review when a timely filed notice of appeal "contain[s] sufficient substance" that it can be effectively treated as an application for permission to appeal. *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). However, when the notice of appeal is untimely, this court lacks jurisdiction to review the post-conviction court's denial of a motion to reopen regardless of whether the notice of appeal "contain[s] sufficient substance." *Turner*, at *2.

With these considerations in mind, the pro se Petitioner's motion to waive the timely filing of the notice of appeal is not well-taken. Because this court lacks jurisdiction to review the post-conviction court's August 28, 2025 order denying a motion to reopen the post-conviction petition, this matter is DISMISSED. The costs on appeal are taxed to the Petitioner, Craig Everette Shears, for which let execution issue, if necessary.

JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE TOM GREENHOLTZ
JUDGE KYLE A. HIXSON